WAITE, RESPONDENT, VINSON ET AL., APPELLANTS.

[Submitted June 22, 1896. Decided June 29, 1896.]

COSTS—*Retaxing—Printing brief.*—On motion to retax costs on remittitur from this court, an item for printing briefs, otherwise allowable, was properly stricken out where it appeared that this expense had been paid for in another item.

SAME—*Same—Statement on appeal.*—An item in a cost bill reading: "To statement on appeal—$100," was properly disallowed where it appeared that if intended as a charge for transcription, that expense had already been charged for. and if intended as a charge for professional services, was not a taxable item of costs.

SAME—*Transcript of evidence—Necessary disbursement.*—Under section 494 of the Code of Civil Procedure (1887) allowing the prevailing party his "costs and necessary disbursements," a fee paid the stenographer for a transcript of the evidence to be used in preparing a statement on motion for a new trial is a necessary disbursement.

*Appeal from Tenth Judicial District, Fergus County.*

PLAINTIFF's motion to retax costs on return of remittitur was granted by DU BOSE, J. Reversed in part.

Statement of the case by the justice delivering the opinion.

Upon the original trial in the district court, plaintiff had judgment. Defendants appealed. The judgment was reversed. (14 Mont. 405.) Upon the return of the remittitur, defendants filed in the district court their memorandum of costs. Among the items were the following :

"To statement on motion for new trial, and paid to F. W. Mettler, $75. To statement on appeal, $100. Printing brief, $11.10. F. W. Mettler, services in case, preparing judgment, $3.60."

A motion to retax the costs was made by plaintiff, and these items were disallowed, and the statutory penalty of $25 imposed. From this order the defendants appeal.

*Geo. W. Taylor* and *C. B. Nolan,* for Appellants.

*Edward C. Russel,* for Respondent.

DE WITT, J.—The $11.10, for printing brief, was stricken out. This we should be obliged to hold to be error (*Ryan* v.

*Maxey*, 17 Mont. 164,) were it not that it seems from the cost bill that the printing of the brief had been paid for in another item.   There was a charge of $25 for printing brief.   It does not appear that there were two briefs.   The court allowed the $25 item, and we must presume that the court found that there was only one brief, and that the larger charge included the smaller, and therefore the court struck out the smaller charge.   This ruling must be sustained.

The charge of $3.60, for preparing judgment, is wholly unauthorized, and this is conceded by the appellants.   This ruling must be affirmed.

We are of opinion that we must sustain the action of the lower court in striking out the item of $100, for the reason that there is no sufficient showing in the cost bill as filed for us to intelligently determine that the court committed any error in disallowing the item.   It reads :   ''To statement on appeal, $100.''   It does not appear whether this is for transcribing the statement on appeal to the supreme court, or whether it is for literary and legal labors of counsel in preparing the statement.   If it is intended to be a charge for the transcription, we find that the transcript is already charged for in another item of $40, which was allowed by the court; and if it is intended to be a charge for professional labor of counsel in preparing the statement, it is sufficient to say that charges for attorney's fees are not allowed generally to be taxed as costs in this jurisdiction.   We shall therefore not disturb the action of the district court in striking out this item.

The charge of $75 for statement on motion for a new trial, appears, by the affidavit of the stenographer (which was used on the motion to retax costs,) to have been a sum paid the stenographer for a transcript of the evidence to be used in preparing the statement on motion for a new trial.   There is considerable conflict of decision as to whether such expenses are chargeable as costs, but the decisions depend largely upon statutes of the different states.   Our statute (section 494, Code Civil Procedure, 1887,) gives to the prevailing party ''his

costs and necessary disbursements." The statute does not enumerate them in detail, but simply makes this general provision. The practice of all our courts is to try cases with the aid of stenographic reporters. If the defeated party wishes to move for a new trial upon a statement of the case, he must in some way procure a copy of the evidence, in order to construct his statement. He must obtain this evidence from the reporter, or he must make it out from memory, or he must take it down as the case is being tried. To require him to take it down as the case is being tried is, under modern practice, wholly impracticable. The court would not wait for him to write it out in longhand; and, furthermore, during the trial of the case he would not know that he would require it. The necessity for the evidence would arise only after he had been defeated on the trial. Again, to require counsel to produce a statement of the evidence from his own memory is also impracticable. One object of having a stenographer is to attain accuracy. If counsel are to be relegated to the old system of writing out a statement from memory, the stenographer may as well be dismissed from the court. Furthermore, the judge, in settling the statement, would be much more likely to settle it correctly if he had a stenographer's transcript than he would if he were obliged to rely upon the conflict of memory between the respective counsel and between the counsel and the judge. We are certainly of opinion that the expense of the transcript of the testimony in preparing the motion for a new trial is a necessary disbursement. We are informed that it is so held in the practice in the two largest districts of the state,—districts which furnish much more than a majority of all the business of this court. It is also so provided in the new Code of Civil Procedure of 1895 (§ 1866,) so that the matter is settled by statute for the future. For these reasons we shall hold that the charge of $75 was properly taxed as costs, and that the court erred in striking out that item.

The order of the district court will therefore be affirmed in striking out the items of $11.10, $3.60, and $100. and will be

reversed as to the disallowing of the item of $75. It will necessarily be affirmed as to the docket fee of $25, as a penalty for wrongfully taxing costs. (*First Nat. Bank* v. *Neill*, 13 Mont. 377; *First Nat. Bank* v. *Boyce*, 15 Mont. 162.)

The case is remanded, with direction to enter judgment accordingly. The costs of this appeal will be divided equally between the parties, except that the appellant shall pay all of the costs of inserting in this transcript the opinion of this court upon the appeal of the original case. To insert such opinion was a wholly unnecessary incumbrance of the record.

HUNT, J. concurs. PEMBERTON, C. J., not sitting.