STATE ex rel. BAKER, Relator, *v.* SECOND JUDICIAL
DISTRICT COURT et al., Respondents.

[No. 1543.]

[Decided October 23, 1900.]

*Costs—Supreme Court—Special Proceedings—Fees of Clerks
of Courts — Transcript Fee —Appearance Fee — Printing
Briefs.*

1.  Under Code of Civil Procedure, Section 1852, providing that costs must be allowed, of
    course, to the defendant on a judgment in his favor in special proceedings, costs will
    be allowed in the Supreme Court to the defendant where a special proceeding is dis-
    missed, though the judgment awards no costs, and judgment for costs will be entered
    on application.
2.  Code of Civil Procedure, Section 1943, declares that the clerk of a court to which a
    writ is directed in special proceedings shall return the writ with the transcript
    required; and the fee bill of the clerk, as provided by Political Code, Section 4636,
    makes no provision for the collection of a fee for making a transcript in such case.
    *Held,* that a fee for making the transcript was not a necessary disbursement, and
    that the clerk was not authorized to collect a transcript fee.
3.  The fee bill of the clerk of the Supreme Court, as provided by Political Code, Section
    872, makes no provision for the collection of an appearance fee from the defendant in
    s] e ·ial proceedings.  Hence none can be charged by such clerk in such proceedings.
4.  Code of Civil Procedure, Section 1866, provides that a party entitled to costs may
    include in his bill of costs the reasonable expense of printing papers for a hearing,
    when required by a rule of court; and Supreme Court Rule 10 requires that briefs be
    printed in all cases brought there by appeal, and also original proceedings instituted
    there.  *Held,* that the cost of printing briefs in a special proceeding in the Supreme
    Court, which was dismissed, will be allowed the defendant on his application.

*Certiorari* by the state, on the relation of B. L. Baker,
against the Second Judicial District Court and another.   On
a dismissal of the proceedings, defendants made a motion to
tax costs.   Granted as to part.

*Mr. J. E. Healy,* for Relator.

*Mr. Wm. H. De Witt* and *Mr. T. Bailey Lee,* for Defendants.

PER CURIAM.—Motion to tax costs under Section 1867 of
the Code of Civil Procedure.   Upon the dismissal of the pro-
ceeding under this title, (*ante* p. 238, 61 Pac. 882), counsel for
defendants filed with the clerk of this Court a memorandum
of the costs claimed to have been necessarily incurred therein,

to be included in the judgment entered in this Court. This memoradum consists of three separate items, viz: Preparation of transcript, $5; printing brief, $3.75; and appearance fee $5. Counsel for plaintiff and relator now moves this Court to strike out and disallow the bill as a whole, on the ground that the judgment entered in this Court awarded no costs to defendant, either in express terms or by implication of law. Objection is also made to the various items in the bill on the ground that there is no provision of law under which they may be taxed.

1.    The provisions of law touching the disposition of costs are found in Chapter VI, Title XIV, Sections 1850—1879, of the Code of Civil Procedure. Some of these provisions are general in their terms, and apply to all the courts, so far as applicable, while others of them have special application to particular courts. Costs on appeal to this Court are regulated by the provisions of Section 1855. In special proceedings brought into this Court from an inferior court by any other way than by appeal, the provisions of Section 1860 apply. In proceedings originating in this Court, recourse must be had to the general provisions contained in Sections 1851 and 1852. "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: * * * (4) In a special proceeding." (Section 1851.) "Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in the next preceding section, and in special proceedings." (Section 1852). It is clear, therefore, that in these special proceedings the successful party is entitled to a judgment for costs as a matter of course. Whether the inferior court, or its judge, who is made the defendant, pays the necessary costs during the progress of the case, or the adverse parties in the proceedings in that court out of which the special proceeding arises, the unsuccessful plaintiff in this Court is liable for the costs accrued at his instance, and he should be adjudged to pay them. The order disposing of the application adversely to plaintiff fixes this liability, and, if the costs are not paid upon demand, judg-

ment may be entered in this Court for them upon application, just as in the same class of cases in the District Court. Formal judgment for costs in these proceedings is not usually entered in this Court. It was not entered in this case when the order of dismissal was made. This does not prevent the entry of such judgment, upon proper application, if it becomes necessary to do so to enforce the collection of costs.

2. The motion must be sustained, however, as to the charges for transcript and appearance fee. There is no provision of law authorizing the clerk of the District Court to charge anything for the transcript in this class of cases. Section 1943 of the Code of Civil Procedure makes it the duty of the clerk of the court to which the writ is directed to return the writ with the transcript required. The fee bill of the clerk is found in Section 4636 of the Political Code. This section contains no provision authorizing him to collect any fee for such duty. The provisions in this section allowing 10 cents per folio for certified copies of papers in his office has no reference to transcripts to be furnished by him in these proceedings. We find no provision elsewhere authorizing him to collect such fee. Under the familiar rule that no officer may demand a fee for any official service unless clearly authorized to do so, the clerk of the District Court could not lawfully collect the fee charged in the bill. It was not a necessary disbursement in this proceeding, and cannot be collected from the plaintiff.

The same may be said of the appearance fee charged by the clerk of this Court. The fee bill of the clerk of this Court is found in Section 872 of the Political Code. No provision is there found directing or authorizing him to collect an appearance fee from the defendant in special proceedings.

As to the charge for printing brief, the motion must be denied. Under Section 1866 of the Code of Civil Procedure, this is a proper charge. The printing of briefs is required, under the rules of this Court (Rule X), in all cases brought here by appeal, and also in all original proceedings instituted here, whenever the requirement is not unreasonable, in view

of the shortness of time to elapse after the issues are joined until the hearing. Charges for the printing of briefs "are taxable according to the course and practice of the Court," under this rule.

The items of charge for transcript and appearance fee are disallowed, and ordered stricken from the bill. The other item is allowed to stand, and judgment will be entered for the amount of it, upon application, unless the same is paid on demand.