THE HON. WILLIAM T. PIGOTT,  
⎱ Associate Justices.  
THE HON. GEORGE R. MILBURN,  

STATE EX REL. KING ET AL., PLAINTIFFS, *v.* DISTRICT  
COURT OF THE SECOND JUDICIAL DIS-  
TRICT ET AL., DEFENDANTS.

(No. 1,536.)

(Submitted December 10, 1900. Decided January 14, 1901.)

*Certiorari—Costs—Stenographer's Fees—Costs of Printing Brief.*

1. The fee bill of the Clerk of the Supreme Court, as provided by Political Code, Sec. 872, making no provision for an appearance fee of the defendant

in special proceedings, none can be charged by the clerk in a *certiorari* proceeding.

2.  Since, under Code of Civil Procedure, Sec. 1943, the clerk of the court to which a writ of *certiorari* is directed must return the transcript required by the writ to the court out of which the writ issued, the outlay incident to the carriage of the return, maps, etc., should be ultimately borne by the party whose fault occasioned the expense.

3.  The cost of expressing briefs to the Supreme Court is not properly taxable as part of the costs.

4.  Under Code of Civil Procedure, Sec. 1866, awarding the legal fees paid stenographers for per diem or for copies as costs to the party entitled to costs, and Section 373, prescribing the legal fees of stenographers for copies of the testimony transcribed from their notes, since the clerk cannot transcribe the stenographic notes into longhand, the fee paid the stenographer for such transcription is chargeable as part of the costs.

5.  The expense of printing briefs in the Supreme Court is chargeable as part of the costs.

6.  Fees paid stenographers in taking dictation of briefs for the Supreme Court and typewriting them are not taxable to the defeated party.

*Certiorari* by the state, on the relation of Silas F. King and others, to the District Court of the Second Judicial District and the judge thereof. Motion for retaxation of costs. Sustained in part.

*Messrs. McBride & McBride* and *Mr. E. N. Harwood,* for Plaintiffs.

*Mr. C. P. Drennen* and *Messrs. McHatton & Cotter,* for Defendants.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

A writ of *certiorari* was quashed and this proceeding dismissed at the costs of the plaintiffs. (24 Mont. 494, 62 Pac. 820.) The defendants having filed their memorandum of costs, the plaintiffs object each item therein contained and move that it be disallowed upon the ground that it is not a proper charge against them. No suggestion is made that any charge is unreasonable in amount, nor that the expense has not been actually incurred.

The first item is $5 for the appearance fee of the defendants in this Court. Upon the authority of *State ex rel. Baker v. Second Judicial District Court,* 24 Mont. 425, 62 Pac. 688, this charge must be rejected. The next items of which com-

plaint is made are charges amounting to 90 cents, paid to an express company for transmitting the return and maps, used on the hearing in the district court to illustrate the testimony of witnesses, to the office of the clerk of the supreme court; this we believe to be a reasonable and necessary expense incurred for the purpose of lodging the return in the office of the clerk, for in *certiorari* proceedings the clerk of the court to which the writ is directed must return to the court out of which the writ has issued the transcript required by the writ (Section 1943 of the Code of Civil Procedure), and the outlay incident to the carriage should ultimately be borne by the party whose fault occasioned the expense. But the charge of 60 cents for "express on briefs" is not properly taxable, and is stricken out. The next item is "Stenographer's fees, transcript included in return, $25.00." The plaintiffs, it seems, considered that the evidence taken at the hearing in the district court might, upon their theory of the case, be deemed material here, and they practically asked that it be included in the return; it further appears that the evidence embodied in the transcript was taken down in shorthand by the official stenographer at the hearing, and was afterwards, by request of the defendants, translated into longhand. A copy of the translated notes of the evidence is included in the transcript certified by the clerk. Section 1866 of the Code of Civil Procedure provides: "A party to whom costs are awarded in an action is entitled to include in his bill of costs, his necessary disbursements as follows: * * * the legal fees paid stenographers for per diem or for copies. * * *" Section 373 of the same Code prescribes the legal fees of stenographers for copies of the testimony and proceedings written out at length or in narrative form from their notes. Under these circumstances, in view of the inability of the clerk to transcribe the phonographic notes of the official reporter, we think this item should not be stricken out; and *State ex rel. Baker* v. *Second Judicial District Court, supra,* is to be distinguished in this respect from the present case, for in the former the matters required to be returned by the clerk of the

district court were copies, which he could make, of the records in his office,—there the fee paid to the clerk was not authorized by law, while here the fee paid to the official stenographer is expressly prescribed by statute.  Another item is a charge of $18 for printing briefs filed in this Court; such charge is taxable, according to the course and practice of the Supreme Court. (*Ryan* v. *Maxey,* 17 Mont. 164, 42 Pac. 760; *Waite* v. *Vinson* 18 Mont. 410, 45 Pac. 552; *State ex rel. Baker* v. *Second Judicial District Court, supra.*)  The last item is $20 paid to a stenographer for taking in shorthand the dictation of briefs and typewriting them; this is not a legal cost or disbursement taxable to the defeated party; it is disallowed.

It is therefore ordered that the following items in the memorandum be disallowed: Appearance fee paid to the clerk of the supreme court, $5; express on briefs, 60 cents; stenographer's fees in preparing briefs, $20.  The other items, amounting to $43.90, are allowed and taxed in favor of the defendants and against the plaintiffs.

MR. JUSTICE MILBURN not sitting.