## STATE EX REL. HEALY, PLAINTIFF, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, AND WILLIAM CLANCY, JUDGE THEREOF, DEFENDANT.

(No. 1,764.)

(Submitted January 6, 1902. Decided January 6, 1902.)

*Contempt — Certiorari — Application — Copy of Order Complained of—Rules of Supreme Court—To Whom Writ to be Directed—Dismissal—Costs.*

1. Where an affidavit applying for a writ of review does not set forth a copy of the order complained of, as required by Rule II of the Supreme Court, nor state any reason for such noncompliance, the application will be denied.
2. Where the order sought to be annulled by *certiorari* was made by the district court and not by its judge, a writ directed to its judge will be quashed, upon motion.
3. Under the provisions of the Code of Civil Procedure, on the dismissal, at cost of relator, of a writ of review to review an order in a contempt proceeding, such proceeding being special, defendant is entitled to the fee paid by him for the judgment and minute entries included in his return, and also for the expense of making the transcript, excepting certain pages consisting merely of recitals by defendant.

APPLICATION for writ of review by the State of Montana, on relation of J. E. Healy, against the District Court of the Second Judicial District and William Clancy, judge thereof. Denied. Motion to tax costs allowed in part.

*Mr. J. E. Healy, in propria persona.*

*Messrs. McHatton & Cotter,* for Defendant.

PER CURIAM.—Application for writ of review. Writ denied for the reason that the affidavit upon which the application is made neither sets forth a copy of the order complained of, as required by Subdivision 3 of Rule II of the rules of this court, nor states any reason for such noncompliance.

*Denied.*

## ON MOTION TO TAX COSTS.

(Submitted March 27, 1902.    Decided April 7, 1902.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Motion to tax costs. After the writ of review was denied, the relator renewed his application upon an amended affidavit which complied with the rules requiring such an affidavit to set forth a copy of the order complained of. Thereupon the writ was issued, but, at the instance of the relator, was directed to William Clancy, as judge, instead of to the district court. Upon the certified record returned to the judge, it appeared that the purpose of the application was to have annulled an order made by the district court adjudging relator guilty of contempt. This order was made during another contempt proceeding against J. Boyle *et al.* for an alleged violation of a temporary restraining order in a cause entitled *"Celestia Nixon v. Geo. W. Andrews et al."* The defendant having interposed a motion to quash the writ upon the ground that he was not the proper party defendant, and that it should have been directed to the court, instead of to him as judge, the order complained of having been made by the court, and not by the judge at chambers, the motion was sustained. The proceeding was also dismissed at the cost of the relator, but no written opinion was filed.* The relator has filed his motion to have taxed the costs claimed by the defendant, alleging that two items claimed

---

*On March 13, 1902, the court made the following order:

PER CURIAM: This application having heretofore been regularly submitted to this court upon motion to quash the writ heretofore issued, and also upon the merits, as they appear from the return of the proceedings made by the judge of the district court.

IT IS ORDERED that the writ be quashed and set aside for two reasons: (1) Because the writ was directed to William Clancy as judge, whereas the order sought to be annulled was made by the district court and not by its judge; (2) because upon the merits as they are shown by the record it does not appear that the order was improperly made. [O. T. C.]

in the memorandum filed with the clerk, namely, an item of $4 for expense incurred for copies of the minute entry and judgment used by the judge in the preparation of the record returned by him, and an item of $1 paid to the clerk of the district court for the certification of these copies, are not authorized by law.

The relator relies upon the case of *State ex rel. Baker* v. *Second Judicial District Court,* 24 Mont. 425, 62 Pac. 688, as determinative of his contention. It was held in that case that the successful party in a special proceeding is entitled, under the provisions of the Code of Civil Procedure (Sections 1851, 1852), to recover costs as a matter of course. That was an application for *certiorari* instituted in this court to have reviewed a judgment made and entered in the district court in a case entitled *"Pfouts* v. *Baker,"*—an ordinary action, and not a special proceeding,—in which the plaintiff sought to recover from the defendant a balance due on account. In view of other provisions of the Code of Civil Procedure (Section 1943) and of the Political Code (Sections 872 and 4636), the conclusion was reached that in such cases no appearance fee can be collected from the defendant by the clerk of this court, and that no allowance can be made for the expense of the transcipt certified up by the clerk of the district court. The law provides no fees for the duties performed by these officers in such cases. A distinction was pointed out, however, between that character of cases and those in which decisions of inferior courts in special proceedings are brought before this court for review in any other way than by appeal. Costs in cases of the latter class (that is, in which decisions of inferior courts in special proceedings are brought before this court for review in any other way than by appeal) are governed by Section 1860 of the Code of Civil Procedure, and the same costs are allowed in such cases as in ordinary appeals. The order complained of in this proceeding was made in a contempt proceeding in the district court. Such a proceeding must be classified as a special proceeding (Code of Civil Procedure, Secs. 3470, 3472; *In re*

*Wellcome,* 23 Mont. 259, 58 Pac. 711), and questions affecting costs must be determined by the rules applicable to the class of cases mentioned in Section 1860, *supra.* The disbursements by a party for which he may recover costs on appeal are enumerated in Section 1866 of the Code of Civil Procedure. Among these are enumerated fees paid for certified copies necessarily used in the action or on the trial, and the reasonable expense of making transcript for the supreme court. The item of $1 charged by the district court judge as paid for the certification of copies included in his return is a proper charge, and must be allowed.

The transcript furnished by the judge consists of three pages of recitals made by the judge, and four pages of the certified copies of the judgment and minute entry mentioned. For the expense involved in the preparation of the transcript of the certified copies he is entitled to recover his disbursements. The recitals are not a necessary part of the transcript, and for the pages embodying these recitals no charge can be made. The item must therefore be reduced by the amount of $1.70,—the proportion of the expense required for the three pages for which no charge may be made.

It is therefore ordered that a deduction of $1.70 be made from the item of $4, and that the balance of the bill be allowed.