## IN RE PETITION OF BOYLE ET AL.

STATE EX REL. BOYLE ET AL., PETITIONERS, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., DEFENDANTS.

(No. 1,761.)

(Submitted February 3, 1902.   Decided March 18, 1902.)

*Restraining Order — Contempt — Habeas Corpus — Certiorari—Review—Costs.*

1.   Where one is committed for contempt for violation of a restraining order, and the trial court has jurisdiction of the subject-matter and of the parties, the sufficiency of the evidence cannot be reviewed on *habeas corpus.*
2.   On *certiorari* issued in aid of a writ of *habeas corpus* to secure the release of one committed for violation of a restraining order, the remedy by *certiorari* only authorizes the court to determine that the lower court had jurisdiction of the subject-matter and of the parties, and that it regularly pursued its authority, and does not authorize an examination of the sufficiency of the evidence.

### ON MOTION TO TAX COSTS.

Where, on *habeas corpus,* and *certiorari* in aid thereof to review an order of commitment in a contempt proceeding, relator asked that the evidence be certified up, defendant, on dismissal at the cost of relator, is entitled to costs for the expense of transcribing the evidence into longhand.

APPLICATION by J. Boyle and others for *habeas corpus* to secure their release from custody under a commitment for violation of a restraining order, and, in aid thereof, *certiorari* by the state, on the relation of J. Boyle and others, to the district court of the Second judicial district for the county of Silver Bow, and the Honorable William Clancy, judge thereof.   Writs quashed.

*Mr. Alexander Mackel,* and *Mr. J. E. Healy,* for Petitioners.

*Messrs. McHatton & Cotter,* for Defendants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for a writ of *habeas corpus* and for *certiorari* in aid thereof. The complainants were adjudged guilty of a contempt, committed by the violation of a restraining order issued by the district court of Silver Bow county in a cause therein pending, in which Celestia Nixon is plaintiff, and the petitioner Boyle and others are defendants. They were sentenced to pay fines, and, in default of payment, were committed to the county jail, to be confined until the fines should be satisfied under the provisions of Section 2224 of the Penal Code. Complainants allege that their imprisonment is illegal, for the reason that the evidence adduced at the hearing did not tend to show that they had violated the order in question, and that the judgment of conviction, based upon a finding thereon adverse to the defendants, is unauthorized and void. Both writs were issued, and the record was certified up.

Upon consideration of the question raised by the petition, we have reached the conclusion that we have no power, in this proceeding, to look into the evidence adduced by the parties, and to determine therefrom whether the district court erred in its action thereon. It had jurisdiction of the subject-matter of the action wherein the restraining order was issued, and of the parties thereto. It also regularly acquired jurisdiction of the complainants. They were arrested under an attachment regularly issued, upon affidavit by the plaintiff setting forth the facts constituting the violation of the restraining order. The court heard the evidence, and made its finding thereon. The finding is conclusive upon this court in this proceeding, and we cannot interfere, even though it be conceded that there was no evidence to support it. The writ of *habeas corpus* may not be used to correct errors in proceedings which are within the jurisdiction of the trial court; nor may we, upon *certiorari* issued in aid thereof, go further than to ascertain that the court had jurisdiction of the subject-matter of the controversy and

of the parties, and that it regularly pursued its authority.    The evidence submitted at the hearing is incorporated in the record, but is not, under the law, properly a part of it, and cannot be looked to in order to correct the alleged erroneous findings made thereon.    In the case of *State ex rel. Simard* v. *Fourth Judicial District Court,* 13 Mont. 347, 34 Pac. 39, this court, upon *certiorari,* examined the evidence submitted at the hearing in a contempt proceeding, and sustained the action of the district court thereon.    But the power to make such review was not called in question, and the case seems to have been submitted upon the theory that the review could go to the same extent as if the case had been presented upon appeal.    This case may not be looked to, however, as subversive of the rule which we have followed in the present case, and which has the sanction of the courts in all those states where the writ of *certiorari* is confined to its common-law functions.

Many other questions were raised by counsel at the hearing, but they do not fall within the purview of the present application, and it is not necessary to consider and determine them.

The writs are accordingly quashed and set aside, the proceeding is dismissed, and the complainants are remanded to the custody of the sheriff of Silver Bow county.

*Dismissed.*

---

## On Motion to Tax Costs.

(Submitted March 27, 1902.   Decided April 7, 1902.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Motion to tax costs.    This was an original application to this court for a writ of *habeas corpus,* and for *certiorari* in aid

thereof, by which the relators sought a discharge from the jail of Silver Bow county, to which they had been committed by an order of the district court of the Second judicial district in default of the payment of a fine imposed in violation of a temporary restraining order issued in a cause entitled *"Celestia Nixon v. Geo. W. Andrews .et al."* The application was dismissed, after consideration, at the cost of the relators. (68 Pac. 470.) Counsel for the defendants having filed a memorandum of costs with the clerk, the relators have moved to strike out therefrom an item of $39.30 charged for transcript of the evidence returned by the clerk of the district court in obedience to the writ of *certiorari.* No suggestion is made that the item objected to is unreasonable in amount, nor that the expense of preparing the transcript of the evidence was not actually incurred. It is claimed, however, that that item is not a proper charge, under the rule laid down in *State ex rel. Baker* v. *Second Judicial District Court,* 24 Mont. 425, 62 Pac. 688. Counsel, however, fails to draw the distinction between the class of cases considered in *State ex rel. Baker* v. *Second Judicial District Court,* and the class mentioned in Section 1860 of the Code of Civil Procedure. The order complained of was made in a contempt proceeding in the district court. That was a special proceeding. (*State ex rel. Healy* v. *District Court of Second Judicial District, ante,* p. 224, 68 Pac. 470.) It was therefore a decision made in a special proceeding, and brought before this court in a manner other than by appeal. The defendant is therefore entitled to recover all costs properly incurred. This court was asked by relator to have the evidence taken at the hearing in the district court certified up by that court, which was accordingly done. The defendant therefore necessarily incurred the costs incident to the preparation of it, and under the provisions of Section 1860, *supra,* is entitled to recover the expense of it, as a proper disbursement.

It is said by counsel for defendants that the item in controversy should be allowed for the reason that it was incurred by defendants under circumstances similar to

those presented in *State ex rel. King* v. *District Court of Second Judicial District*, 25 Mont. 1, 63 Pac. 402. Speaking generally, this is true, for the clerk cannot transcribe the notes of the stenographer until they have been extended in longhand. For the expense of such extension, whenever the evidence is required to be included in the record, costs may be recovered, even though for the transcript of the records in the clerk's office, which the clerk can make himself, no fee is allowed. In the class of cases to which the present. belongs, and which fall under Section 1860, *supra,* all costs necessarily incurred may be recovered under that section also. The motion is therefore overruled.