STATE ex rel. BOYLE et al., Relators, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT et al., Respondents.

(No. 1,803.)

(Submitted April 12, 1902. Decided July 21, 1902.)

*Contempt—Supervisory Control—Review.*

On an application for a writ of supervisory control to annul a contempt order, the supreme court may look into the evidence properly before it for the purpose of ascertaining whether there was any substantial evidence on which to base the order.

APPLICATION by J. Boyle and others for a writ of supervisory control to the district court of the Second judicial district and the Honorable William Clancy, judge thereof, and another, to annul an order adjudging applicants in contempt. Application denied.

*Mr. J. E. Healy, Mr. J. M. Hinkle,* and *Messrs. Breen & Mackel,* for Relators.

*Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Application for writ of supervisory control. The petitioners heretofore unsuccessfully sought, by writs of *habeas corpus* and *certiorari,* to annul a judgment of contempt against them. (*In re Boyle (State ex rel. Boyle et al.* v. *District Court of Second Judicial Dist.*) 26 Mont. 365, 68 Pac. 409.) They now ask for a writ of supervisory control, and present all the evidence taken in the court below on the hearing. Jurisdiction in this court to grant the writ prayed for is questioned. The objection is disposed of by the opinion in *State ex rel. Sutton* v. *District Court of Second Judicial Dist., ante,* p. 128, 69 Pac. 988.

Upon an application of this kind we may look into the evidence properly brought before us for the purpose of ascertaining whether there was any substantial evidence to justify the finding upon which the judgment of constructive contempt was based. After careful consideration, we are not prepared to say that such evidence was lacking. The application is therefore denied, and the proceeding dismissed.

*Dismissed.*