STATE EX REL. GRISSOM ET AL., RELATORS AND RESPONDENTS, *v.* JUSTICE COURT OF TOWNSHIP No. 1, GALLATIN COUNTY, ET AL., DEFENDANTS AND APPELLANTS.

(No. 1,956.)

(Submitted October 17, 1904.    Decided November 4, 1904.)

*Appeal—Scope of Review—Justice of the Peace—Assignments of Error—Writ of Review—When Lies.*

1. An appeal from a judgment of the district court on a writ of review to a justice of the peace brings up for review only such questions as appear on the judgment roll, and other papers are not before the court.
2. So far as *certiorari* proceedings are concerned there is no distinction between the justice of the peace court of a township presided over by S., justice of the peace, and S., justice of the peace of the township, so that

notice of appeal in the name of the justice is sufficient to give jurisdiction ; the authority of the "justice of the peace" and the "justice of the peace court" being identical.

3. It is not necessary for the appellant to assign his reasons in the specifications of error contained in his brief.

4. Under Code of Civil Procedure, Section 1941, to entitle one to a writ of review from the district court it must appear that the inferior tribunal was performing some judicial act, that such tribunal exceeded its jurisdiction, and that there is no appeal or other speedy and adequate remedy.

5. Where defendant appears in a justice court, and files an answer, and the trial is then adjourned to a day certain, a judgment by default cannot be entered on such trial, though defendant does not then appear and take part in the trial.

6. Under Code of Civil Procedure, Section 1761, providing that all appeals from the justice's court must be tried anew in the district court, that court sits as a justice of the peace in that case, and with no greater jurisdiction, and either party may have reviewed any question of law or fact which was raised before the justice and presented to the district court.

7. Where appeal lies, *certiorari* will not lie.

8. Where defendants appear in an action before a justice, file their separate answers, and by stipulation agree to a particular time for trial, they are chargeable with actual notice of all subsequent proceedings, and, though they do not appear at said time, their remedy is by appeal, which excludes a remedy by writ of *certiorari*.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

WRIT OF REVIEW in the name of the state, on the relation of F. E. Grissom and another, against W. Y. Smith, justice of the peace, to review proceedings in defendant's court wherein A. L. Love was plaintiff and F. E. Grissom and another were defendants. From the judgment rendered, defendant Smith appeals. Reversed.

*Mr. Eugene B. Hoffman,* for Appellant.

*Mr. John A. Luce,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On December 1, 1902, an action was commenced in the justice of the peace court of Township No. 1, Gallatin county, Montana, before W. Y. Smith, justice of the peace, wherein A. L. Love was plaintiff and F. E. Grissom and another were defendants.

The complaint contained four causes of action; the first for $530.01, the second for $8.35, the third for $1.82, and the fourth for $7.50. Upon the filing of this complaint a summons was duly issued and served, but upon motion of the defendants the service was quashed. A new summons was thereupon issued and served. On December 24th the defendants appeared and filed a demurrer, which was overruled, and on January 14, 1903, each of them filed a separate answer putting in issue the allegations of plaintiff's complaint. On February 13th plaintiff filed a reply, and by stipulation of counsel the cause was set for trial for March 23d. At the time set for trial the defendants failed to appear, and after waiting one hour the court entered their default, and plaintiff made proof. At the close of his evidence plaintiff asked leave of court to amend his complaint by substituting $260 for $530.01 in his first cause of action. The amendment was permitted, and the court thereupon entered a judgment in favor of the plaintiff according to the prayer of his complaint as amended. On March 31, 1903, the defendants sued out of the district court a writ of review directed to the justice of the peace court of Township No. 1, county of Gallatin, state of Montana, W. Y. Smith, justice of the peace, respondent. A transcript of the record of the justice of the peace court in the case of *Love* v. *Grissom et al.* was duly certified and transmitted, together with the original files in the case, to the district court. Upon the hearing the district court entered a judgment annulling the judgment entered in the justice of the peace court and rendering judgment for relators for their costs. In this judgment it is recited that the district court heard the matter upon the pleadings and return and upon the affidavits of W. Y. Smith, E. M. Reynolds and Eugene B. Hoffman, filed on behalf of respondent in the *certiorari* proceedings. From this judgment W. Y. Smith, the respondent in such proceedings, has appealed.

Certain questions of practice are presented for determination.

1. It is said that the district court had before it certain affidavits not contained in the writ of *certiorari* or in the return

thereto, which were considered by the court in determining that proceeding upon its merits, but which affidavits are not in the record before this court.    Section 1944 of the Code of Civil Procedure provides that the writ of review must command the party to whom it is directed to certify to the court issuing the writ *a transcript of the record and proceedings,* that the same may be reviewed, etc.    Section 1947 provides that the review upon this writ cannot extend further than to determine whether the inferior tribunal has regularly pursued the authority of such tribunal.    Section 1948 provides that, when a full return has been made, the court must hear the parties, and may thereupon give judgment, either affirming or annulling or modifying the proceedings below.    Section 1950 reads: "A copy of the judgment, signed by the clerk, entered upon or attached to the writ and return, constitute the judgment roll."

An appeal to this court from the judgment entered in the district court brings before us for review any questions appearing on the judgment roll, as described in Section 1950, above, and in the consideration of such questions no other papers than those mentioned in Section 1950 are or could be properly before this court.

2.    It is contended by respondents here that the appeal in this instance was not taken by the justice of the peace court, but only by W. Y. Smith, the justice of the peace, and upon the authority of *State ex rel. Healy* v. *District Court,* 26 Mont. 224, 67 Pac. 114, 68 Pac. 470, it is urged that the appeal is ineffectual for any purpose.    Section 1, Article VIII, of the Constitution, provides: "The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, justices of the peace, and such other inferior courts as the legislative assembly may establish in any incorporated city or town."    The theory upon which the case of *State ex rel. Healy* v. *District Court,* above, was decided, was that under the Constitution and laws of this state there is a well-defined distinction between a particular district court

and the judge of that court, and the reason for this is apparent. The Constitution and laws have vested in the district court certain jurisdiction, and also have vested in the judge of the district court at chambers power to determine various judicial matters (Section 11, Article VIII, Constitution, and Section 171, Code of Civil Procedure) ; but nowhere is there lodged in the justice of the peace any authority to do or perform any judicial act aside from the authority vested in such justice of the peace as a court. In other words, the authority of the justice of the peace and of the justice of the peace court, so far as judicial matters are concerned, are identical. As the writ of review can only affect such inferior tribunals, boards and officers as exercise judicial functions, and as the justice of the peace, in contradistinction with the justice of the peace court, does not exercise judicial functions, but only does so as a court, it is apparent that, so fas as these *certiorari* proceedings are concerned, there is no distinction whatever between the justice of the peace court of Township No. 1, Gallatin county, Montana, presided over by W. Y. Smith, justice of the peace, and W. Y. Smith, justice of the peace of Township No. 1, Gallatin county, Montana, as such; in other words, for the purpose of these proceedings they are one and the same thing. We are therefore of the opinion that the notice of appeal is sufficient to give this court jurisdiction.

3.   It is contended that the specifications of error in appellant's brief are insufficient; but, aside from any consideration of the others, specifications numbered 1 and 5 are sufficient. They are as follows: "(1) The court erred in entertaining the writ after the return." "(5) The court erred in rendering a judgment contrary to and against law." It is not necessary for the appellant to assign his reasons in the specifications contained in his brief. Whatever reasons he may have for his contention are properly embraced in that portion of the brief devoted to his argument. Taking up these two specifications, then, and considering them together, we observe that, after the justice of the peace made his return, the district court had before it all

that was necessary to a determination of the vital point in controversy here, namely, will *certiorari* lie? Upon the affidavit filed the court doubtless felt justified in issuing the writ in the first instance, but when the return was duly made, and it appeared therefrom just what had been done in the justice of the peace court, the district court was able to determine whether *certiorari* was the proper remedy, and one which the applicants for the writ could invoke. Section 1941 of the Code of Civil Procedure provides, among other things, that the writ of review may be granted by the district court when an inferior tribunal exercising judicial functions has exceeded the jurisdiction of such tribunal, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. To authorize the issuance of the writ, therefore, it must appear (1) that the inferior tribunal was performing some judicial act; (2) that such tribunal exceeded its jurisdiction; and (3) that there was no appeal, and, in the judgment of the court, no other plain, speedy and adequate remedy other than the writ of review. All these must concur to sustain the remedy by *certiorari,* and the absence of any one of them is fatal to it. (*State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820.)

It is conceded in this instance that the justice of the peace was proceeding in a matter in that court, that such court was exercising judicial functions, and for the purpose of this decision it may be admitted that in exercising such functions the justice of the peace court exceeded its jurisdiction. We are then called upon to determine the question, was there an appeal?

In the first place, we may say that this was in no sense a judgment by default. The defendants in the justice court had appeared and answered, but there is no provision in law requiring them to be present at the trial if they feel disposed to absent themselves. In *Clark* v. *Great Northern Ry. Co.,* 30 Mont. 458, 76 Pac. 1003, this court said: "We preface our consideration of the cause by saying that the justice of the peace could not enter the default of the railway company on December 22d, notwithstanding the justice's docket entry seems to indicate that

such was attempted. The defendant had on file an answer which put in issue the allegations of the complaint, and, notwithstanding the entry made by the justice of the peace at the time of the trial, the record does show that the justice tried the issues and entered judgment on the proof adduced by the plaintiff, so that the judgment was in no sense a judgment by default, and could not have been. *Corart* v. *Haskins,* 39 Kan. 574, 18 Pac. 522; 9 Ency. Law, 2d Ed., 168, and cases cited; 6 Ency. Pleading and Practice, 60.'' The doctrine announced above is particularly applicable to the facts of this case. The judgment entered by the justice of the peace was not a judgment by default, notwithstanding the justice's record may contain an entry to that effect.

Section 1761 of the Code of Civil Procedure provides that all appeals from a justice court must be tried anew in the district court. Each party has the benefit of all legal objections made in the justice court, and when a judgment is reversed or set aside on a question of law arising in a justice court the district court must either try the case anew or render a judgment. The argument of counsel that on an appeal to the district court the cause must be tried *de novo,* and that the objections made in the justice of the peace court cannot be reviewed, is not well founded. There can be no misunderstanding of the meaning of Section 1761, above. It is true that the action is tried *de novo,* but on such trial the district court, to all intents and purposes, sits as a justice of the peace court. Its jurisdiction in that particular appeal is no greater than the jurisdiction of the justice of the peace court, and either party may have reviewed any question of law or fact which was properly raised in the justice of the peace court and is properly presented in the district court. (*Clark* v. *Great Northern Ry. Co., supra.*)

It is contended by respondent that, even if there is an appeal in this instance, the remedy by appeal is not plain, speedy and adequate, and therefore *certiorari* ought to lie, and in support of that contention *State ex rel. Johnson* v. *Case,* 14 Mont. 520,

37 Pac. 95, is cited.    That case was decided in 1894.    Subsequent to that date this court in numerous cases has particularly disavowed the doctrine therein announced, and it may be considered settled now as the law of this state that, if an appeal lies, *certiorari* will not.    (*State ex rel. King* v. *District Court,* above; *State ex rel. Prescott* v. *District Court,* 27 Mont. 179, 70 Pac. 516; *State ex rel. Reynolds* v. *Laurandeau,* 27 Mont. 522, 71 Pac. 754.)

Furthermore, in order that *certiorari* will lie, it must not only appear that there is not any other plain, speedy and adequate remedy, but it must affirmatively appear that there is no appeal. In this instance, on the contrary, it does affirmatively appear that defendants in the case of *Love* v. *Grissom* appeared in the action, filed their separate answers, and by stipulation agreed to a particular time for the trial, and they must then be charged with actual knowledge of all subsequent proceedings in the cause. They invoked the aid of *certiorari* before the time for appeal had expired.    They had a remedy by appeal, and that excludes the remedy by the writ of review.

The judgment of the district court is reversed, and the cause remanded, with direction to that court to dismiss the *certiorari* proceedings.

*Reversed and remanded.*

Mr. Justice Milburn concurs.

Mr. Chief Justice Brantly, not having heard the argument, takes no part in this decision.

Rehearing denied December 16, 1904.