STATE EX REL. YOUNG ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 7,587.)

(Submitted June 5, 1936.   Decided June 19, 1936.)

[58 Pac. (2d) 1243.]

*Mr. Jess L. Angstman,* for Relators, submitted a brief and argued the cause orally.

*Mr. Oscar C. Hauge,* County Attorney of Hill County, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding for writ of certiorari and a writ of supervisory control in aid thereof, seeking a review of the proceedings by which the relators Young and Schultz were adjudged to be guilty of contempt of court in disobeying a preliminary injunction. The respondent court, in obedience to the order of this court, has certified up the record of its proceedings. The relators contend that the affidavit which was the basis for the issuance of an attachment in contempt was

insufficient to confer jurisdiction upon the court, and that the evidence offered on the hearing was insufficient to support a judgment of conviction.

The trial court, on April 16, 1936, based on a complaint made by the county attorney of Hill county and numerous supporting affidavits, made and caused to be entered a temporary injunction against the relators and certain other defendants in an action whereby the defendants and their servants, agents, attorneys, employees and all persons acting on their authority or direction were ''absolutely enjoined and restrained from directly or indirectly conducting, maintaining or permitting the said common nuisance in said complaint mentioned and described, and from directly or indirectly conducting, committing or permitting said offenses therein mentioned, or any thereof, and in particular from possessing, exposing, keeping for sale, offering for sale, selling or otherwise disposing of at and within the said building hereinafter described intoxicating liquors containing more than one (1) per cent. of alcohol by weight, and from encouraging and permitting persons to frequent and visit said building and purchase or drink therein and thereat such intoxicating liquors, and from playing, running and carrying on gambling and gambling games at and within said building, and from permitting and encouraging persons to meet and congregate within said building and to unlawfully play, run and carry on gambling and gambling games therein and thereat, and from removing from said building or in any way interfering with the bars, back bars, mirrors, tables, chairs, counters, cash registers, whiskey and other glasses, ice boxes, show cases, musical instruments and other fixtures, furniture, equipment, gambling paraphernalia, property and other things used within and at said building in connection with said unlawful acts.'' This order contained a specific description of the premises to which it related.

The relators make no attack upon the validity of the original temporary injunction, copies of which were served upon them personally on the date of its entry and on the following day.

On April 25 a search warrant was issued out of the respondent court upon the affidavit of one Olis Wallis, from which it appeared that the affiant had on the preceding day visited the premises described in the injunction order, where he bought whisky for himself and sloe gin for a woman with whom he was not previously acquainted and who was in the building. The sheriff was directed by the search warrant to search for intoxicating liquor possessed or exposed for sale within the building on the premises described in the injunction order. He made his return upon the search warrant to the effect that he found two half pint bottles containing therein drops and traces of intoxicating liquor and one half pint bottle full of whisky.

Thereupon the county attorney filed his affidavit for an attachment for contempt, wherein were recited the provisions of the temporary injunction and, on information and belief, that the defendant Schultz sold to Wallis intoxicating liquor for a valuable consideration for his use and that of the person with him, and that they were permitted to consume the liquor within the building. Reference was made to the affidavit of Wallis, then on file in the office of the clerk of the court. The county attorney's affidavit further asserted that the defendant Schultz unlawfully possessed, exposed, and kept for sale intoxicating liquor within the building described in the injunction order, as appeared from the supporting affidavit of the sheriff thereto attached. The affidavit further stated on information and belief that the relator Young was the owner and reputed owner, proprietor, and manager of the building and premises, and that during all the times mentioned he had knowledge of, and should have had knowledge of, these various acts and violations of the injunction order. The affidavit of the sheriff set forth what he found at the time he made the search of the premises in question under the search warrant. Thereupon a warrant of attachment was issued, directing the sheriff to arrest the relators. Following their arrest and admission to bail, a hearing was had at which numerous witnesses testified.

The court found the fact of the issuance of the injunction

and of its service upon the relators; that the relator Young was the owner and manager of the building and premises described in the injunction order; that the relator Schultz was an employee and bartender of Young and sold to Wallis intoxicating liquor on these premises on the date alleged and that at the time and place relator Young was present and knew that these acts took place and permitted the same; that Schultz unlawfully possessed and kept for sale intoxicating liquor; and that Young was present and about the building and bar room and knew that the intoxicating liquor was kept for sale on the dates in question. The court found the relators guilty and imposed a fine on each of them, as well as a jail sentence for the period of five days.

We shall give consideration to the first contention of relators, namely, the sufficiency of the affidavit. One who would charge contempt is required to aver directly that the particular acts constituting the contempt were done by the defendant. (*Boston & Montana etc. Co.* v. *Montana Ore Purchasing Co.*, 24 Mont. 117, 60 Pac. 807.) Section 9910, Revised Codes 1921, provides that where, as in this case, the contempt is committed without the presence of the court, an affidavit shall be presented to the court or judge setting forth the facts constituting the contempt.

The facts set forth in the instant affidavit are stated directly and positively, but many of them are on information and belief. Some decisions hold that where affidavits are required as a basis for a proceeding in contempt, the allegations contained therein may not be stated on information and belief; in fact, many encyclopedias state such to be the majority rule. (6 R. C. L. 533; 13 C. J. 67.) However, this court, in the case of *State ex rel. Grice* v. *District Court*, 37 Mont. 590, 97 Pac. 1032, 1033, said: "It is the settled law of this state that there must be some direct charge made, either positively or upon information and belief, that the defendant committed an act constituting a contempt."

In the case of *Creekmore* v. *United States*, 237 Fed. 743, 150 C. C. A. 497, L. R. A. 1917C, 845, the court proceeded to

review all the authorities cited in Ruling Case Law and Cyc. in support of the so-called majority rule, and endeavored to demonstrate beyond question that the most of the cases cited clearly do not support the text, reviewing the other decisions on the question and establishing beyond the question of a doubt that the majority of the decisions, in number, are in accord with the previous pronouncements of this court. We therefore hold that the affidavit is not insufficient by reason of the statement of certain of the facts therein on information and belief.

It is argued that the affidavit is insufficient in that it only ▉ reveals trivial violations of the injunction order, within the rule stated by this court. This contention is based on an expression of this court in the case of *Boston & Montana etc. Co.* v. *Montana Ore Purchasing Co.*, supra. The injunction order was positive in its prohibition against the sale and the keeping for sale of intoxicating liquor. The affidavit was positive and direct in its averments that the injunction had been violated. We think this contention without merit.

The statute does not prescribe any form in which the charge ▉ must be presented, and a substantial and general statement will give the court jurisdiction to proceed. The particular act, with the attendant circumstances, furnishes its own characterization, and "if the statement be complete and substantial enough to justify a conclusive inference of knowledge and intent in the contemnor at the time the act was done," the recital is sufficient. (*State ex rel. Webb* v. *District Court*, 37 Mont. 191, 95 Pac. 593, 595, 15 Ann. Cas. 743.) We hold that the affidavit was sufficient.

Passing now to the question of the sufficiency of the evidence ▉ to support the judgment of conviction: It was proved beyond the question of a doubt, and in fact there is no dispute, that the relator Young was the owner and proprietor of the premises in question, and that the relator Schultz was his employee. Wallis testified positively to purchasing intoxicating liquor in this place on April 24. Young testified that he was present while Wallis was there, but he and his employee both denied the sale of liquor. The woman for whom Wallis said

he purchased intoxicating liquor testified that she did not recall his buying her anything other than beer. Wallis testified that he was not intoxicated at the time of his visit to these premises. The relators and the woman testified that he was intoxicated, whereas police officers who saw him soon afterwards testified to the contrary. The sheriff and his deputy testified that at the time of the search they found a half pint whisky bottle in close proximity to the beer faucet which had traces and drops of whisky in it. A similar bottle with like contents was found in a closet near the bar, and also in a coat hanging in the same closet was found a full half pint bottle of whisky. This closet was the place where Schultz kept his coat while working. The relators denied any knowledge of the existence of these various bottles, although at the time of the arrest of Schultz, the relief bartender inquired of him if there was any liquor, and he replied, in effect, that the sheriff had all of it.

In the case of *State ex rel. Zosel* v. *District Court,* 56 Mont. 578, 185 Pac. 1112, 1113, this court said: "If, in adjudging one guilty of contempt, the court acts without jurisdiction, the proceedings may be reviewed on certiorari (sec. 7322, above), and in exigent cases where the court acts within jurisdiction, but in a manner so arbitrary and unlawful as to be tyrannical, this court may intervene, by virtue of the power conferred by the Constitution, to exercise supervisory control over inferior courts. (*State ex rel. Sutton* v. *District Court,* 27 Mont. 128, 69 Pac. 988; *State ex rel. Coleman* v. *District Court,* 51 Mont. 195, 149 Pac. 973.) In such a case, however, our review of the proceedings is limited to an examination of the record for the purpose of ascertaining whether there is any substantial evidence to justify the order adjudging the accused guilty. (*State ex rel. Boyle* v. *District Court,* 27 Mont. 134, 69 Pac. 671.) In reaching the conclusion that the relator, in this instance, was guilty, the trial court necessarily passed upon the credibility of the witnesses and the weight to be given to their testimony. Those subjects are excluded from our review."

Under the rule announced in the above case, we cannot say that the judgment was not supported by substantial evidence. Accordingly, we must hold that the relators are entitled to no relief in either proceeding.

Counsel for the respondent court contends that it is entitled ▮ to recover its costs—the expense incurred in preparing and certifying its records to this court. Section 9796, Revised Codes 1921, provides for the recovery of costs when a decision of a court of inferior jurisdiction in a special proceeding is brought before a court of higher jurisdiction for a review in any other way than by appeal, and that the same costs must be allowed as in cases of appeal, and that the costs may be collected by execution, or otherwise, as the court may direct. In the case of *State ex rel. Healy* v. *District Court,* 26 Mont. 224, 67 Pac. 114, 68 Pac. 470, it was held that a contempt proceeding was a special proceeding, and that questions affecting costs must be determined by the rules applicable to the class of cases mentioned in section 9796, supra. Since the prevailing party on an appeal is entitled to recover the costs of preparing the transcript, the respondent court is entitled to recover the costs of the preparation and certification of its return, and upon the service of a proper memorandum of costs and the allowance of the same by this court, a judgment will be entered allowing such costs and awarding the court execution therefor.

Proceedings dismissed.

Mr. Chief Justice Sands and Associate Justices Matthews, Stewart and Morris concur.