STATE EX REL. PORTER, ET AL., RELATORS, v. FIRST JUDICIAL DIST. IN AND FOR LEWIS AND CLARK COUNTY, ET AL., RESPONDENTS.

No. 8945.

Submitted December 14, 1949. Decided February 16, 1950.

215 Pac. (2d) 279.

Mr. Stanley M. Doyle, Polson, for relator and pro se. Mr. Doyle argued orally.

Mr. Melvin E. Magnuson, County Attorney, and Mr. Edwin K. Cheadle, both of Helena, for respondents. Mr. Magnuson and Mr. Cheadle argued orally.

MR. JUSTICE METCALF:

This is an application for a writ of certiorari seeking a review of the proceedings by which the relators, Roger Porter and Stanley M. Doyle were adjudged guilty of contempt of court. The respondent court and the judges thereof were ordered to certify to this court a record of its proceedings in the matter. Secs. 93-9004, 93-9005, R. C. M. 1947.

Before the record was so certified the respondents filed a motion to strike portions of relators' petition. The motion to strike was taken under advisement by the court and the respondents permitted to file further proceedings without prejudice to their motion to strike.

The Hon. A. J. Horsky and the Hon. George W. Padbury, Jr.,

filed a motion to quash the petition and the Hon. R. M. Hattersley filed a separate motion to quash the petition on behalf of the district court of the first judicial district and for himself as the district judge presiding in the cause.

The record discloses that on the 6th day of July 1949, the Hon. George W. Padbury, Jr., and the Hon. A. J. Horsky, as judges of the first judicial district, summoned a special grand jury to inquire into criminal offenses committed within the county of Lewis and Clark and that on or about the 6th day of July 1949, Floyd O. Small, a regularly qualified and admitted attorney-at-law, was selected to act as special prosecutor for the grand jury. On July 25, 1949, the grand jury was impanelled and entered upon its duties.

On September 6th the grand jury made its first partial report and returned four true bills. Thereafter on October 7th and October 18th the grand jury made further partial reports and other true bills were returned. Among them were indictments against Roger Porter.

On October 21, 1949, the relator Roger Porter employed Stanley M. Doyle to represent him as attorney in defending the various indictments returned by the grand jury against him. On October 29, 1949, the relator Doyle as attorney for the relator Porter, as plaintiff, filed in Cause No. 21978 in the district court of Lewis and Clark county, a complaint in a civil action entitled, "Roger Porter, Plaintiff, v. Floyd Small, Tom Alley, J. W. Salsbury, Jr., Harold H. McClellan, Sue Haskell, Beulah Day, Matthew S. Vook, Carter Babcock, and Dorothy Bisson, Defendants."

Floyd Small, one of the co-defendants therein, is the alleged special prosecutor for the Lewis and Clark county grand jury. All of the remaining defendants, with the exception of Tom Alley, are members of the Lewis and Clark county grand jury. The complaint charges that Floyd O. Small, as special prosecutor, the members of the grand jury, individually and collectively, and Tom Alley, have conspired to harass and injure the plaintiff Roger Porter and destroy his business, reputation and

character in the community, and to cause his prosecution and imprisonment in the Montana state prison. The complaint prays for judgment against the defendants for $100,000 compensatory damages and for $50,000 as exemplary damages and for costs. It is 17 paragraphs long, consisting of 14 typewritten pages and is verified by the plaintiff, Roger Porter, one of the relators herein.

The complaint made specific allegations individually charging members of the grand jury with immoral and improper conduct, the commission of crimes, and recited an alleged instance where one juror forfeited bail for a misdemeanor in police court. The charges made against these individuals, the recitation of past misdeeds and the narration of parts of private conversations were absolutely immaterial and irrelevant. They were obviously inserted to scandalize, disgrace and discredit the members of the grand jury. There is no other reason for the inclusion of such defamatory matter.

After the filing of this complaint the county attorney of Lewis and Clark county made an accusatory affidavit in which he set forth that he was the duly elected county attorney of Lewis and Clark county. He narrated the foregoing facts about the calling and organization of the grand jury and the appointment of the special prosecutor and set forth the fact that the complaint in Cause No. 21978 had been filed and verified by Roger Porter with Stanley M. Doyle as his counsel and thereafter stated that he was informed and believed that certain matters in said complaint were false, malicious, untrue, libelous, defamatory and contemptuous; that he was informed and believed that the purpose and intent of Roger Porter and Stanley M. Doyle by the use of such defamatory matter was to interfere with, influence, sway, insult, control, intimidate and coerce the special prosecutor and the grand jurors in the performance and discharge of their duties, and that the filing of the complaint unlawfully interfered with the orderly activities of the special prosecutor and the grand jurors and with the administration of justice in Lewis and

Clark county and exposed them to public censure, blame and reproach, and thus constituted contempt of court.

Thereupon a citation issued requiring Roger Porter and Stanley M. Doyle to show cause why they should not be punished for contempt. This order was signed by George W. Padbury, Jr., one of the regularly qualified and elected district judges of the first judicial district. Judge Padbury, deeming himself to be disqualified, ordered that the Hon. A. J. Horsky, the other duly elected and qualified district judge of the first judicial district, be called in to assume jurisdiction, but Judge Horsky, deeming himself disqualified, declined to assume jurisdiction and thereupon the Hon. R. M. Hattersley, judge of the ninth judicial district, was called in and assumed jurisdiction in the contempt proceedings. On the day set for hearing the alleged contemners appeared and filed separate answers. The answer of Stanley M. Doyle admitted that he had dictated the complaint in Cause No. 21978 and that he believed and was convinced that Roger Porter was the victim of a conspiracy to injure, defame and imprison him.

The separate answer of Roger Porter stated that he had retained Stanley M. Doyle as his attorney; that he had acquainted his attorney with all the facts and circumstances in connection with the subject matter of the cause and that he was advised that he had a good and sufficient cause of action against the defendants named in Cause No. 21978; that he had read the complaint which was the source of the contempt proceeding and that the same was true and that he did not understand that the filing of the complaint could be held to be contemptuous and that he still believed that he was the victim of an unlawful and illegal conspiracy to imprison him, a conspiracy which had resulted in bringing against him 16 separate, illegal indictments and two false and fraudulent informations. After filing these two separate answers Doyle and Porter then attempted to file a petition to dismiss and discharge the special grand jury and a motion to quash the indictments against Roger Porter. The court ruled

that it was without jurisdiction over any matter except the contempt proceeding.

After hearing, the defendants were found guilty of contempt and each of them was sentenced to pay a fine of $250.00. Thereafter, on December 2, 1949, the said Roger Porter and Stanley M. Doyle filed this original proceeding, a petition for a writ of review or other appropriate writ, to review the contempt proceedings in the district court of the first judicial district. The petition set forth that on the 15th of November the district court found the relators guilty of contempt; that the relator Roger Porter filed a complaint in Cause No. 21978 against members of the grand jury, the special prosecutor and one Tom Alley; that the complaint was based upon violations by the members of the grand jury of the oath prescribed by section 94-6312, R. C. M. 1947. The petitioners then contend that the affidavit supporting the order to show cause was wholly insufficient, inadequate, and failed to acquaint the relators or either of them with the exact nature of the contempt charged and precluded the relators from making an adequate defense because of the generalization and lack of specific statements in the affidavit. The petition concludes that the order of the district court finding the defendants guilty of contempt was illegal and void and in excess of the jurisdiction vested in the court or the judges thereof. It sets forth that the relators have no plain, speedy, or adequate remedy other than a writ of certiorari and therefore asks that this court review the proceedings of the district court and after such review, reverse the judgment and sentence under such judgment.

In addition to the matter already discussed, the relators' petition says that the defendants in Cause No. 21978 were members of an illegal and unlawful grand jury and were conspiring and confederating against relator Roger Porter; that the respondent judge, the Hon. R. M. Hattersley, should have allowed the petitioners to prove the allegations of perjury, criminal conspiracy and other charges appearing in the civil cause No. 21978, and to prove various charges against members of the grand jury and the special prosecutor for the grand jury, and to introduce into evi-

dence certain recordings of telephone conversations allegedly taking place between the Hon. George W. Padbury, Jr., and relator Roger Porter and others.

The relators also set forth that the Hon. R. M. Hattersley had refused to allow the plaintiffs to file and had refused to consider a petition to discharge and dismiss the grand jury and to quash certain indictments.

These additional matters were the subject of the motion to strike filed on behalf of the respondents.

Attached to the petition for the writ of certiorari were two exhibits, one of which was the affidavit of one James Sanders who was an employee of relator Roger Porter, relative to alleged conversations between him and the Hon. George W. Padbury, Jr., and the second was the transcript of certain alleged telephone conversations between the relator Roger Porter and the Hon. George W. Padbury, Jr., and between Sanders and other parties.

The respondents also moved to strike these exhibits from the petition.

This motion to strike is granted. The reasons therefor appear below in the discussion of the merits of the cause.

There is no appeal from an adjudication of contempt. The only method of review is a writ of certiorari. Sec. 93-9814, R. C. M. 1947; State ex rel. Lloyd v. District Court, 105 Mont. 281, 72 Pac. (2d) 1014. The writ is discretionary and is only granted when there has been a showing that the tribunal making the judgment of contempt acted in excess of jurisdiction. Sec. 93-9008, R. C. M. 1947; State ex rel. Lay v. District Court, 122 Mont. 61, 198 Pac. (2d) 761. In the case in which the court acts so arbitrarily and unlawfully as to be tyrannical the supervisory power of this court granted by Article VIII, sections 2 and 3 of the Montana Constitution may be invoked. State ex rel. Burns v. District Court, 83 Mont. 200, 271 Pac. 439; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113.

"When a contempt is committed in the immediate view and

presence of the court, or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed. When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer.'' Sec. 93-9803, R. C. M. 1947.

The act constituting the contempt charged was the filing with the clerk of the court of the first judicial district the complaint in the civil action No. 21978, containing scandalous and defamatory matter. In this jurisdiction such a filing has been held to be an indirect contempt requiring the filing of an accusatory affidavit and a hearing thereon. State ex rel. Stagg v. District Court, 76 Mont. 495, 248 Pac. 213. That was the procedure followed by this court in State ex rel. Hall v. Niewoehner, 116 Mont. 437, 155 Pac. (2d) 205, where contemptuous matters were filed with the clerk of the Supreme Court and judgment of contempt issued only after the filing of an accusatory affidavit and a hearing thereon.

Since the purpose of the writ of certiorari is only to inquire into the jurisdiction of the court adjudging the accused guilty of contempt it is first necessary to inquire into the meaning of the term ''jurisdiction.'' In State ex rel. Lay v. District Court, supra, this court discussed that question at length. It is unnecessary to reiterate that discussion here. For our purpose it will suffice to summarize the elements of jurisdiction. They are three: (1) Cognizance of the subject matter; (2) presence of the proper parties; (3) the court's action must be invoked by proper pleadings and the judgment within the issues raised. Haggerty v. Sherburne Mercantile Co., 120 Mont. 386, 186 Pac. (2d) 884; Sloan v. Byers, 37 Mont. 503, 97 Pac. 855.

The district court has power to punish for contempt. State ex rel. Metcalf v. District Court, 52 Mont. 46, 155 Pac. 278,

L. R. A. 1916F, 132, Ann. Cas. 1918A, 985. It is not contended that the parties were not regularly served and properly summoned before the court. The only jurisdictional question raised, then, is as to the sufficiency of the accusatory affidavit. When the sufficiency of the accusatory affidavit is questioned, as here. the allegations of facts must be accepted as admitted and true. State ex rel. Hall v. Niewoehner, supra; State ex rel. Young v. District Court, 102 Mont. 487, 58 Pac. (2d) 1243; State ex rel. Grice v. District Court, 37 Mont. 590, 97 Pac. 1032.

The county attorney's accusatory affidavit specifically charges that the accused filed a complaint containing false, malicious, untrue, libelous, defamatory and contemptuous matter concerning members of the grand jury and its prosecutor and that such a filing constituted contempt. An examination of the complaint filed as set forth in the accusatory affidavit is sufficient to show that matter contained therein was scandalous. scurrilous and defamatory. It is difficult to determine the theory upon which the plaintiff framed his cause of action. It has elements of libel, of malicious prosecution, and of a conspiracy to libel and maliciously prosecute. But whatever the basic theory of the complaint, many of the allegations contained therein are absolutely immaterial and irrelevant. They are charges, whether true or not, that could have no bearing on any of the issues raised and would not be admissible in evidence for any purpose to prove any of the pertinent allegations of the complaint under any conceivable theory setting forth a cause of action. These allegations against the lives and characters of members of the grand jury, whether true or false, are so scandalous and defamatory that they could only have been introduced in order to disgrace and intimidate and coerce the members of the grand jury. They are so immaterial and irrelevant as to have no proper place in any pleading.

"A court of record has general authority over its own records, and they are within its custody and control, particularly so far as they pertain to the court's business and so far as is essential to the proper administration of justice. * * * In exer-

cising control over its records, a court has power to protect them from irrelevant, unimportant or superfluous papers, and to keep the records free from stain and scandal not pertinent to the cause and unnecessary to the decision.'' State ex rel. Hall v. Niewoehner, supra [116 Mont. 437, 155 Pac. (2d) 214], citing 21 C. J. S., Courts, sec. 229, p. 430.

The filing of scandalous, irrelevant pleadings tending to bring the members of the grand jury into disgrace and disrepute constituted an abuse of process and was contemptuous. Ex Parte Friday, 138 Cal. App. 660, 32 Pac. (2d) 1117; Hume v. Superior Court, 17 Cal. (2d) 506, 110 Pac. (2d) 669.

Repeatedly, during the hearing on the order to show cause, relator Doyle informed the court that he realized he ''risked'' contempt in filing the civil action, that the filing of the civil action was a ''calculated risk.'' Similar statements were made in the oral argument in this court.

The defendant contemners insist that the grand jury was illegally constituted and invalidly operating because of the presence of a special prosecutor. But that question is not before us. Whether or not there is merit to the contention that the presence of the special prosecutor in the grand jury room vitiates the indictments is a matter that can be raised upon motion when those indicted are arraigned. Section 94-6601 and sec. 94-6603, R. C. M. 1947. But even if the prosecutor and defendant Alley might be subject to civil liability, the irrelevant and scandalous allegations made in the plaintiff's complaint are nevertheless contemptuous.

Nor is there merit in the contention that the county attorney's accusatory affidavit must be held insufficient because of the allegations therein made on information and belief. State ex rel. Young v. District Court, supra.

During the course of the hearing below the contemners moved to dismiss the grand jury and quash the indictments. These motions were denied and error is assigned. The denial was proper, the court in a contempt hearing had no jurisdiction over the grand jury nor any power to set aside an indictment. Even

if the grand jury were illegally organized and its actions so invalid as to be quashed upon a proper motion, that would not justify the filing of pleadings that were irrelevant, immaterial and scandalous and thus abusing the process of the court. The gravamen of the offense was misuse and abuse of process of the court. The filing of such pleadings was an affront to the dignity of the court regardless of the validity of the actions of the grand jury or the special prosecutor.

The accused offered to prove the truth of his charges in miti- gation. But their truth or falsity is immaterial. The misuse of the process of the court as a vehicle for the publication of scandalous reports cannot be condoned when such scandalous material is immaterial and irrelevant and only included to embarrass, intimidate and coerce. This is the fact whether the matter is published concerning a litigant or a grand juror. The files of the court are not to be so used and it is contemptuous to make or attempt to make such improper use thereof.

The court was acting within its jurisdiction and its judgment will not be disturbed.

Since the argument of the case the relator Doyle has filed a praecipe to dismiss this proceeding as to him. Inasmuch as the dismissal of this proceeding will affirm the judgment below and the result of this opinion is to affirm the judgment, the dismissal as to relator Doyle is granted. Reference has been made to relator Doyle throughout this opinion because Doyle's activities are so commingled with those of relator Porter as to require mention of him in order to properly state the case.

Relator Porter in his answer set forth that he relied upon the advice of his attorney, that he was informed that he had a good cause of action for conspiracy and that he was unlearned in the law and did not know that the filing of the complaint would be contemptuous and therefore should not be held responsible for his reliance upon the advice of his attorney. "The fact that contemner acted under the advice of counsel is generally no defense to a proceeding for contempt; but that fact will be con-

sidered in mitigation of the offense, or the punishment therefor * * *.'' 17 C. J. S., Contempt, sec. 38, p. 52.

Relator Porter was called as a witness for himself and he offered to prove all the charges made in his civil complaint. We have already discussed why the court acted properly in refusing this offer. The trial court declared, ''Whether the filing of that complaint was sufficient in itself, under the circumstances to constitute a contempt, I have held that it was and I refuse the offer of any further evidence and will continue to refuse, although the offer may be made—I am not limiting your right to make a record. The defense from now on is limited to matters in mitigation.''

At another time the trial judge explained to counsel, ''You may show matters in mitigation as to why the complaint was filed, your purpose and object in filing it and also the fact that Mr. Porter was acting under the advice of an attorney and you were acting upon the advice given you, but I am not going to try an action in malicious prosecution at this time and determine the facts. I am limiting your proof to certain things in mitigation, your object and reason for filing the complaint, starting this action; also the fact that Mr. Porter was advised by you as you allege.''

The relator Porter testified under these conditions and was allowed to prove that he had no legal training or experience and that his counsel had advised him to sign the complaint. On cross examination Porter testified that he knew the complaint would be served on the grand jury and that it would become a part of the records of the court.

The record shows that Porter was given ample opportunity to show that he had acted upon advice of counsel and that the court considered his testimony in mitigation.

For the foregoing reasons the proceeding is dismissed as to Roger Porter and by praecipe dismissed as to Stanley M. Doyle.

Since the respondent district court is the prevailing party it ▉ is entitled to recover from relators its costs in the action.

Section 93-8611, R. C. M. 1947; State ex rel. Young v. District Court, supra.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN and BOTTOMLY, concur.