No. 80-40

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA ex rel.,
HUGH V. ANDERSON,

        Relators,

  vs.

THE DISTRICT COURT OF THE
EIGHTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA et al.,

        Respondents.

ORIGINAL PROCEEDING:

    Counsel of Record:

        For Relator:

            Jardine, Stephenson, Blewett and Weaver, Great Falls,
            Montana

        For Respondents:

            J. Fred Bourdeau, County Attorney, Great Falls,
            Montana

Submitted: April 24, 1980

Decided: MAY 12 1980

Filed: MAY 12 1980

Thomas J. Kearney
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Relator Hugh V. Anderson was found in contempt of court in the Cascade County District Court and fined $50.00. He now applies for a writ of certiorari or supervisory control to review the judgment of contempt.

Relator, a urological surgeon, while on "substitute duty" in the emergency room of Columbus Hospital in Great Falls, Montana, had treated one Robert L. Renville, who was at the time under arrest. Thereafter, relator was served with a subpoena to attend a trial regarding Renville. Subsequently, during a telephone conversation relator told a deputy county attorney that he had little independent recollection of the incident, but would be willing to testify to what recollection he had and the hospital records. The deputy county attorney said he would contact relator later. Sometime after that, relator received a message that the trial would not be held as scheduled.

On or about December 4, 1979, a deputy sheriff delivered a subpoena and a letter concerning Renville's January 14, 1980, trial to relator's secretary. In an affidavit the deputy sheriff stated that he believed the secretary to be more than 18 years of age. On about December 5, the secretary showed the subpoena and letter to the relator. The letter was from the deputy county attorney stating that relator would be contacted regarding his testimony ". . . at a time closer to the trial."

The deputy county attorney was not able to contact relator despite three attempts. On January 14, 1980, trial was commenced in the case of State v. Robert Renville. When relator was called the bailiff informed the judge that the relator was not present. The judge ordered the prosecuting attorney to file an affidavit and have relator brought before the District Court.

On January 15, 1980, the District Court judge held the

hearing on the contempt charge concerning relator. Following a hearing, the relator was found in contempt for not being present at the January 14 trial. He was fined $50.00.

This case presents three issues:

(1) Whether this Court may consider this matter on either a writ of certiorari or a writ of supervisory control?

(2) Whether the finding of contempt by the District Court was in excess of jurisdiction because the subpoena was improperly served?

(3) Whether there was substantial evidence to support the finding of contempt?

Section 3-1-523, MCA, provides that there is no appeal from a judgment and order of contempt, however, such actions may be reviewed on a writ of certiorari.

Section 27-25-202, MCA, states:

"The writ of review must command the party to whom it is directed to certify fully to the court issuing the writ, at a specified time and place, a transcript of the record and proceedings (describing or referring to them with convenient certainty), that the same may be reviewed by the court, and require the party, in the meantime, to desist from further proceedings in the matter to be reviewed."

In the present case we do not have a fully certified transcript of the record and proceedings. Consequently, the writ of certiorari is not a proper remedy. Our inquiry into the case, however, does not stop at this point. Art. VII, §2(2), 1972 Montana Constitution, provides that this Court has general supervisory control over all other courts. In previous cases we have said that this Court's supervisory power may be granted in contempt cases when the relator is barred from using a writ of certiorari. See State ex rel. Porter v. District Court (1950), 123 Mont. 447, 215 P.2d 279; State ex rel. Sutton v. District Court (1902), 27 Mont. 128, 69 P. 988. In the present case we grant the writ of suprevisory control.

- 3 -

The relator contends that the District Court lacked jurisdiction to find relator in contempt because the subpoena was not properly served. Section 46-15-102, MCA, provides that a subpoena ". . . may be served . . . by any person who is not a party and who is not less than 18 years of age." In addition, "Service of a subpoena shall be made by delivering a copy thereof to the person named . . ." In the present case the subpoena was delivered by the deputy sheriff to the relator's secretary. The relator admitted that the secretary showed him a copy of the subpoena and the letter from the deputy county attorney. There is no dispute that the secretary was over 18 years of age and was not a party to the action. This amounts to a fulfillment of the requirements set out in section 46-15-102, MCA. Additionally, the relator knew of the trial and was aware of the subpoena. During the contempt hearing the relator testified that he ". . . totally forgot about it." This amounts to disobedience of a subpoena duly served and the District Court judge was well within his jurisdiction when he found the relator in contempt. Section 3-1-501(1)(j), MCA.

The relator next contends that the letter attached to the subpoena modified and qualified the effect of the subpoena. The letter accompanying the subpoena stated that a deputy county attorney would contact the relator ". . . at a time closer to trial." The subpoena commanded relator to appear in court on January 14, 1980, at 9:30 a.m. The letter in no way modifies or qualifies the express command of the subpoena. The letter does not make the relator's appearance in court contingent upon being contacted by the deputy county attorney.

Finally, relator contends that there is no evidence to support the finding that he was aware of the fact that he was to appear in court at the time set for trial. The relator admitted at the hearing that he had seen a copy of the subpoena and the letter

- 4 -

from the deputy county attorney. Both of these state the time and place of the trial. This constitutes sufficient evidence to support the finding of contempt.

Affirmed.

_Frank J. Haswell_
Chief Justice

We concur:

_James B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices

- 5 -