No. 85-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

FIRST NATIONAL BANK OF EKALAKA,

          Appellant, Intervenor,

-vs-

PEGGY C. STRAIT now HEREFORD,

          Plaintiff, Respondent,

-vs-

FRANCIS J. STRAIT, JR.,

          Defendant, Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard O. Harkins, Ekalaka, Montana

    For Respondents:

        Rex Palmer, Missoula, Montana
        Richard Reep, Missoula, Montana

Submitted on Briefs: Sept. 30, 1986

Decided: February 5, 1987

Filed: FEB 5 - 1987

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The First National Bank of Ekalaka, Montana, petitioned for a writ of review for the purpose of reviewing a contempt judgment and fine levied against it by the Fourth Judicial District in and for the County of Missoula. We granted the writ and heard oral argument. The contempt order is vacated.

The matter began as a divorce action in March, 1958, wherein a child support order was entered in favor of the wife, (Hereford). The husband (Strait) failed to make many of the payments required of him in the order. At a hearing in September, 1974, to determine his total arrearage, the court determined he owed $5,044 plus interest, and judgment was entered. Because the children were then adults, no support accrued thereafter. Hereford filed a motion in the Fourth Judicial District March 26, 1982, for leave to execute, pursuant to § 25-13-102, MCA. The motion was noticed and heard. Leave to execute was granted until October 30, 1984. Subsequently, the court has issued several writs of execution which have not been satisfied.

A writ of execution issued May 10, 1984, in the amount of $9,619.52 was served May 30 on the First National Bank of Ekalaka (Bank) where Strait was a customer, demanding all funds held by the Bank for Strait. There were, however, no funds in any of Strait's accounts. Several days later the sheriff, learning that the Bank had taken two of Strait's vehicles into possession, again served execution upon the Bank for release of these vehicles. A Bank officer refused to relinquish them until the Bank received tender of the amount of the Bank's security interest in the vehicles. The officer did not reveal the amount of its security interest.

2

The Bank petitioned this Court for a writ of review of an order of the District Court holding it in contempt for refusing to release the vehicles and levying a fine of $500 against it. We agreed to hear oral argument on the application.

Although the Bank raises several issues in its brief, it does not have standing to do so, because it is not in this Court on appeal, § 27-25-102(1), MCA, nor is it a party aggrieved. Rule 1, M.R.App.Civ.P. See also Montana Power Co. v. Montana Department of Public Service Regulation (Mont. 1985), 709 P.2d 995, 42 St.Rep. 1750.

The scope of review on a writ cannot be extended further than to determine whether the District Court has exceeded its authority. Section 27-25-303, MCA. See also State ex rel. Porter v. First Judicial District (1950), 123 Mont. 447, 215 P.2d 279, and State ex rel. Lay v. District Court (1948), 122 Mont. 61, 198 P.2d 761. On the facts of this case we have determined the court exceeded its authority in holding the Bank in contempt.

On May 30, 1984, writ of execution was served upon the Bank demanding payment of the balance owing to Hereford. The return of execution shows that there were no funds for delivery by the Bank to the sheriff and the writ was returned unsatisfied. At the same time service of the writ was made upon the Bank, the sheriff delivered to the Bank a letter from Hereford's attorney addressed to the Bank. The letter is extremely confusing and contradictory. The attorney explains that he represents Hereford, who is seeking to satisfy a judgment against Strait. He is having difficulty collecting the amount of the judgment, and suggests the Bank can help him. He mentions that he understands Strait engages in certain periodic banking transactions and further understands that Strait has accounts at the Bank, has

3

borrowed money and even may have secured the money with vehicles or other property. He then makes the following request:

> You can assist me in collecting the Judgement [sic] by providing me with as much information as you have on the Judgement [sic] debtors [sic] financial status and the status of the repayment of any loans you have made to the Judgement [sic] debtor. Please provide me with a list of all the accounts which the Judgement [sic] debtor currently has with you, including account numbers and current balances. It would certainly help if you would tell me when deposits are generally made into the judgement [sic] debtors [sic] accounts. Please also provide me with copies of all financial statements which the Judgement [sic] debtor has completed when applying for loans at your bank.

He asked for information about loans, including amounts and dates, advancements of money, security interest description of advances, method of payment, whether cash or by check, amount applied to principal and amount applied to interest, account number of the check by which payment was made, and the balance remaining due and unpaid. He asked the Bank to file affidavits with the Registrar's Bureau in Deer Lodge for each vehicle, and with the County Clerk and Recorder for other security. He said it was not that he did not trust the Bank, but this would provide an independent source of verification when he sent the sheriff to execute on the judgment. Finally, he set forth the following paragraph:

> I can tell you in all candor that I believe the Judgement [sic] debtor is trying to avoid paying the debt to my client. The Judgement [sic] debtor might object to your providing me with any information if you contact him before providing me with the information which I

4

> have requested in this letter, so if you
> will respond as quickly as possible, the
> Judge's Order will have the best chance
> of being enforced.
>
> Thank you for your assistance, your help
> will aid greatly in collecting the
> Judgement [sic].

In its findings of fact, the District Court concluded that this letter constituted notice sufficient to meet the requirements of § 25-13-506, MCA, which says in pertinent part:

> Duty of secured party. The secured party under any security agreement of record, shall, upon 15 days notice in writing served upon him in person . . . seeking to satisfy a judgment . . . be required to make and file . . . an affidavit showing the amount of the indebtedness then actually due and owing . . . If within 15 days from the service of any such demand . . . the secured party shall fail, refuse, or neglect to file the affidavit herein required, the security agreement shall be of no force or effect as against such creditor upon the seizure of any such personal property on execution.

Because the Bank failed to file the affidavits as provided in the code section, the District Court concluded that its security interest ceased June 15, 1986. Thus, when a subsequent writ of execution was served June 28, 1986, the District Court determined the Bank was required to deliver the vehicles which were covered by its security interests. Because it failed to do so, the District Court found the Bank in contempt.

There is no dispute as to the security interest of the Bank. It properly had purchase money security interests in

5

the vehicles which the sheriff sought to seize by writ of execution.

The Bank argues it is error for the court to hold it in contempt, because the order is based on the assumption the Bank forfeited its liens in the vehicles and therefore had no right to hold the vehicles under the execution order.

We conclude that the letter to the Bank from Hereford's attorney was insufficient to constitute the notice to the secured party required in § 25-13-506, MCA. Therefore the Bank did not lose its security interest in the vehicles under the forfeiture provisions of that code section.

We emphasize the nature of the letter. It asked for financial information which the Bank could not properly give. Clearly this is inconsistent with the notice and demand under § 25-13-506, MCA. While it is true that one paragraph could be construed as a demand under that section, it is not characterized as a request or demand under the code section. The Bank easily could have failed to construe the letter to be that type of a notice or demand. In addition, the statements by Hereford's attorney that Strait might object to the Bank's providing information and requesting as quick a response as possible--apparently without notification to its customer, Strait--are totally inappropriate. Thus it was an abuse of discretion to find this notice sufficient for purposes of holding the Bank in contempt for failure to release the vehicles.

Section 25-13-506, MCA, provides very severe consequences when it destroys an existing security interest lien and provides that the security agreement shall be of no further force and effect. We conclude the letter of Hereford's attorney is not sufficient to constitute the notice necessary to bring into effect these severe penalties.

We therefore vacate the District Court's order of October 1, 1985, holding the Bank in contempt.

_John Conway Harrison_,
Justice

We concur:

_J. A. Turnage_
Chief Justice

Justices