No. 81-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

RAY LILIENTHAL,

Petitioner and Appellant,

vs.

DISTRICT COURT OF THE SIXTEENTH JUDICIAL
DISTRICT, ROSEBUD COUNTY, & HONORABLE
A.B. COATE, Judge thereof.

Respondent.

Appeal from: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud
Honorable A. B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Carlson and Hegel, Miles City, Montana
James R. Carlson argued, Miles City, Montana

For Respondent:

Lucas and Monaghan, Miles City, Montana
A. Lance Tonn argued, Miles City, Montana

Submitted: April 5, 1982

Decided: September 9, 1982

Filed: SEP - 9 1982

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Appellant Lilienthal appeals a Rosebud County District Court judgment finding him in contempt of court for his failure to vacate real property belonging to the Powder River County Bank (Bank) and ordering him to pay the Bank $5,500 in compensatory damages.

He raises essentially two issues on appeal: (1) He claims that he was denied due process because the District Court did not allow him sufficient time to seek legal assistance before declaring him in contempt. (2) He claims that the District Court had no jurisdiction to award compensatory damages to the Bank because they are not allowed in contempt actions.

We reverse the judgment on the ground that the District Court improperly rendered judgment by denying Lilienthal adequate time to prepare for the court's contempt hearing, and hold that because this action was one in the nature of a trespass as well as contempt, the District Court could award compensatory damages in an amount reasonably proportionate to the damages suffered by the Bank. However, there is no evidence in the record regarding the reasonableness of the damages, and therefore, the award is vacated and the case remanded for reconsideration of this issue.

Lilienthal has also requested that we issue either a writ of supervisory control or a writ of certiorari because the District Court exceeded its jurisdiction by awarding the compensatory damages. We decline to issue the writs but have resolved the same questions in this appeal.

In November 1980, the Bank filed a complaint alleging that in September 1979 Lilienthal had conveyed real property

in Rosebud County to the Bank under a confession of judgment, but had refused to remove his six unit trailer motel from the property. The Bank alleged in its complaint that this trespass entitled it to an order compelling Lilienthal to remove the motel and pay the Bank's costs in the action. In January 1981, the court entered Lilienthal's default, ordered him to remove the motel, and authorized the Bank to remove it if he failed to do so.

In late February 1981, the Bank moved the court to compel performance of its order and to find Lilienthal in contempt because the motel had not yet been removed. The Bank alleged the sheriff refused to remove the motel because people were residing in it. Lilienthal appeared without counsel and explained that he was having trouble finding someone experienced in moving this type of trailer motel, and that he was having trouble evicting his remaining four tenants because it was the middle of winter. The Bank requested that Lilienthal be declared in contempt of court and that he be given one week (until 5:00 p.m. March 16) to remove the motel or be assessed a $500 per day penalty until its removal. The court asked Lilienthal if the Bank's request sounded reasonable and Lilienthal replied "Yes." The court granted the Bank's motions and stated that it would sign an order as soon as the Bank's attorney prepared one. On March 12, the court signed the Bank's prepared order, finding Lilienthal in contempt and giving him until 5:00 p.m. March 16 to remove the motel or be penalized in the amount of $500 per day.

On April 1, the Bank informed the court that as of 2:00 p.m. March 23, the motel still had not been removed, and moved the court to assess the $500 per day penalty. On

-3-

Thursday, April 2, Lilienthal was served with notice to show cause at 10:00 a.m., Monday, April 6. Lilienthal appeared without counsel on April 6 and informed the court that he had been unable to reach his attorney on the previous Friday (the only remaining working day before the hearing) and knew that he needed counsel in the matter. Nonetheless, the court allowed the hearing to continue. When called as an adverse witness, Lilienthal testified that the motel finally had been removed but that he was unsure of the exact date on which it had been done. The court found that Lilienthal had complied by removing his property on March 27, and therefore the $500 per day penalty was assessed for 11 days. Again, the court relied upon the Bank's attorney to prepare an order. On April 10, the court signed the Bank's prepared order, finding Lilienthal in contempt, for failing to comply with the March 12 order, and assessed a $5,500 penalty to be paid to the Bank.

Lilienthal, through an attorney, then moved the court to vacate its judgment, and allow him either a new trial or the opportunity to purge himself of the contempt citation. The court denied Lilienthal's motion, stating that the Bank's choice of language finding Lilienthal in contempt was unfortunate since the case was never a contempt action, but one in the nature of a trespass. The court determined that Lilienthal had ample time in which to obtain counsel, and that since this was not a criminal action, the court was not obligated to require him to have counsel. The court further found that its March 12 order did nothing but establish the Bank's liquidated damages. Lilienthal then took this appeal.

We must first address a contention by the Bank that this appeal was not timely. The Bank argues that Lilienthal

filed his motion for an opportunity to purge himself of contempt on April 21, 1981, but that the District Court did not hear the motion within ten days as required by Rule 59(d), M.R.Civ.P. It is the Bank's position that this motion was then deemed denied 15 days after it was submitted (May 6, 1981) and that the 30 day period for filing the notice of appeal commenced on that date and terminated on June 5, 1981. Therefore, the Bank contends that the July 2, 1981 notice of appeal was not timely and we are without jurisdiction to hear this appeal. We disagree. According to Rule 59(d), the April 21 motion is deemed denied if no hearing has been held within 10 days after the motion was served except that at any time after the notice of the hearing on the motion has been served, the court may issue an order continuing the hearing no longer than 30 days. If the hearing is continued, the court must rule upon the motion within 15 days of the hearing or it will be deemed denied.

The record shows that Lilienthal's April 21 motion was set for hearing April 29, but according to an April 29 minute entry, the parties stipulated to continue the hearing. The hearing was subsequently held on May 29, which was exactly 30 days later, and within the Rule 59(d) time limit for continuing a hearing. The court's ruling was filed on June 2, which was also within the Rule 59(d) time limit, and therefore Lilienthal had from June 2 until July 2, 1981 to file his notice of appeal. That notice was filed with the District Court on July 1 and with this Court on July 2, 1981. Therefore, the appeal was timely and we have jurisdiction.

First, Lilienthal contends that the District Court's judgment was improper because the court did not allow him sufficient time to seek the assistance of counsel to defend against the contempt charge. The Bank has not responded to this contention, other than to argue that this was a trespass proceeding and not a contempt proceeding. The District Court's final order before this appeal, stating that its April 10, 1981 order finding Lilienthal in contempt was ". . . an unfortunate choice of words as this proceeding has never been a contempt proceeding," is belied by the fact that the Bank twice moved the court to find Lilienthal in contempt (February 23 and April 1, 1981), and the court twice signed orders which held the defendant in contempt (March 12 and April 10, 1981). It is indeed unfortunate that the District Court relied on the Bank's counsel to prepare these orders if it did not determine this was an action for contempt. But to later state that this action ". . . originated, and always has been a proceeding in the nature of a trespass" (emphasis added) and that the court's March hearing and order ". . . did nothing but establish liquidated damages per day for defendants [sic] holding over . . . ." does not comport with the Bank's motions unequivocally stating it wished the District Court to find Lilienthal in contempt.

Because the Bank's motions and the District Court's orders were clearly in the nature of a contempt action, as well as an action in trespass, the court had the duty of affording Lilienthal a reasonable opportunity to secure counsel and defend himself. Although this action continued on-going for several months, Lilienthal did not receive a reasonable opportunity to secure counsel. Receiving notice

-6-

on a Thursday to defend a contempt action the following Monday is not reasonable, even if the defendant retained counsel to represent him.

Unless the act constituting contempt occurs in open court where immediate punishment is necessary to prevent demoralization of the court's authority, due process requires:

> ". . . that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." In Re Green (1962), 359 U.S. 689, 691-92, 82 S.Ct. 1114, 1116, 8 L.Ed.2d 198, 200; Re Oliver (1948), 333 U.S. 257, 275, 68 S.Ct. 499, 508, 92 L.Ed. 682, 695.

We therefore hold that with respect to the contempt proceeding, Lilienthal was denied an opportunity to defend and any judgment of contempt must be set aside.

Second, Lilienthal contends that because this was a contempt proceeding, the District Court had no jurisdiction to award compensatory damages because they aren't expressly authorized by law. We also agree with this contention. Section 3-1-519, MCA, provides the exclusive monetary punishment a court may impose for contempt. Compensatory damages are not mentioned, and therefore are improper in a contempt action.

This action is also one in the nature of trespass, in which case, compensatory damages are awardable. See section 27-1-202, MCA. However, the court was never shown that $500 per day was reasonably related to the actual damages sustained by the Bank, and for that reason, we must order a rehearing on the issue of damages. See section 27-1-302, MCA; Morgen & Oswood Construction Co. v. Big Sky of Montana (1977), 171

Mont. 268, 557 P.2d 1017 (liquidated damages must be reasonable in all cases).

We reverse and remand for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices