IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 83-446

STATE OF MONTANA, ex rel.
LA RUE SMITH,

      Relator,

  v.

THE DISTRICT COURT OF THE
EIGHTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF CASCADE, and
THE HONORABLE JOHN M. McCARVEL,
District Judge,

      Respondents.



FILED

MAR 8 - 1984

*Ethel M. Harrison*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AND OPINION

Relator filed herein a petition for a writ of certiorari to annul and set aside an order of the District Court of Cascade County and the Honorable John M. McCarvel, District Judge, finding relator in contempt of court and fining him $50. The petition is accompanied by an affidavit by relator, an affidavit of Ken Dixon, an affidavit of Virginia A. Dixon, a partial transcript of the record in the District Court, a memorandum of authorities and a cashier's check in lieu of bond. Relator also requested that the District Court order finding him in contempt should be stayed pending determination of his petition for writ of certiorari.

On September 28, 1983, we entered an order staying further proceedings in the contempt matter against relator during the pendency of this action and directed respondents to file a written response together with appropriate documentary exhibits and legal memorandum.

On October 6, 1983, relator filed a supplemental memorandum of authorities in this cause.

1

On November 9, 1983, respondents filed a written response to the petition for writ of certiorari.

On the same date, relator filed a motion to annul the contempt order.

The matter has been submitted to this Court for decision.

The statutory procedure for contempt committed in the court's presence is set forth in section 3-1-511, MCA:

> "When a contempt is committed in the immediate view and presence of the court or judge at chambers, it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence and adjudging that the person proceeded against is thereby guilty of a contempt and that he be punished as therein prescribed."

This statute has remained virtually unchanged for several generations. Our court on numerous occasions has interpreted its language, consistently holding the primary requirement is that an order be issued by the court setting forth the facts, not the conclusions which have led to the contempt. This requirement is necessary so that a record exists which the convicted contemnor may submit to the Supreme Court for review. Rankin v. District Court (1920), 58 Mont. 276, 289, 191 P. 772, 775. When the facts of the proceeding below are before this Court, as opposed to the judge's mere conclusions, we are better able to determine whether contempt did in fact occur.

Judge McCarvel's order of contempt, dated September 20, 1983, reads in part as follows:

> "That the attorney for the Defendants, Scott Radford, commenced addressing the Court on a motion pending before the Court and during the course of his presentation, LaRue Smith stood up and interrupted the attorney for the Defendants. The Court then ordered attorney LaRue Smith to be seated. LaRue Smith

2

refused to be seated. The Court repeated the order on two separate occasions. Attorney LaRue Smith defied the Court and refused to be seated. The Court then advised attorney LaRue Smith that he was in contempt of the Court and fined him $50.00."

This recitation of the facts provides a sufficient basis for us to affirm Judge McCarvel's decision. Mr. Smith's defiance of the court's repeated order to sit down satisfies our contempt statute, section 3-1-501(1)(a), MCA, in which "disorderly, contemptuous, or insolent behavior toward the judge while holding the court tending to interrupt the due course of a trial or other judicial proceeding," is explicitly enumerated as an act of contempt. It should be emphasized that Mr. Smith is not being punished for exercising his right as an attorney to stand up, represent his client's interests and object to testimony. This conduct in and of itself is not contemptible. However, the further refusal to sit down when so ordered by the court clearly can constitute contempt.

We have reviewed this Court's decision in In re Mettler (1915), 50 Mont. 299, 146 P. 747. Mr. Mettler's contempt conviction for refusing to sit down at trial was overturned when the contempt order was found fatally defective for failing to recite the complete factual basis of the contempt. To the extent that our holding today is inconsistent with this older opinion, In re Mettler is overruled. The orders issued in both cases are similar and both in our estimation provide this Court with sufficient facts to review a contempt conviction.

In addition to the statutory requirement of an order setting forth the facts of the contempt, the contemnor must be granted an opportunity to explain or excuse himself. Such opportunity allows the individual to potentially purge him-

3

self or show no contempt was intended. Rankin v. District Court, 58 Mont. at 291, 191 P. at 776.

In the present case the transcript reveals that Mr. Smith was given such an opportunity. Judge McCarvel near the end of the hearing listened to the attorney's apology and explanation as to why he had remained on his feet. The opportunity to be heard need not arise in a formal hearing, separate and distinct from the proceeding in which the contempt arose. All that is required is the contemnor be made aware of his offensive conduct and allowed an opportunity to speak on his behalf. Mr. Smith was provided such opportunity and this Court will not reverse the District Court's decision to proceed with its order of contempt.

IT IS ORDERED:

1. The petition for writ of certiorari and motion to annul the contempt order is denied and this proceeding dismissed on the grounds that the contempt order of District Judge John M. McCarvel satisfies the requirements of section 3-1-511, MCA.

2. This cause is remanded to the District Court of Cascade County for collection of the fine as provided by law; the stay order entered by this Court on September 28, 1983, is vacated and set aside.

3. The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties.

DATED this _8TH_ day of ~~February~~ mARch, 1984.

_____
Chief Justice

4

We concur:

_____
John Conway Harrison

_____

_____

_____
L. C. Gulbrandson

_____
John C. Sheehy

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a written dissent later.

DISSENT OF MR. JUSTICE DANIEL J. SHEA

No. 83-446

STATE OF MONTANA, ex rel. LA RUE SMITH,

                              Relator,

    vs.

THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY
OF CASCADE, AND THE HONORABLE JOHN M. McCARVEL,
DISTRICT JUDGE,

                              Respondents.

FILED

JAN 3 - 1985

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

Mr. Justice Daniel J. Shea, dissenting:

I dissent. The District Court failed to comply with the statute, and the majority have glossed over that short cut. Section 3-1-511, MCA, clearly requires that an order must be made reciting the facts of the contempt. Rankin and Mettler are sound interpretations of the requirement, and the majority further erred in overruling Mettler. After declaring Mettler overruled, the majority notes the order in that case provides a sufficient factual basis for review of a contempt conviction.

The interest in judicial economy, a desirable goal, must not become so pervasive as to allow its sweep to quash the due process right of the parties involved.

If all that were required were that the contemnor be made aware of his offensive conduct and allowed an opportunity to speak on his behalf, the statute would not have specifically called for an order. I would grant the writ of certiorari and set aside the contempt order.

Daniel J. Shea
Justice