No. 88-097

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

VALLEY UNIT CORPORATION, a Montana
corporation,

        Petitioners,

    -vs-

CITY OF BOZEMAN, MONTANA, a municipal
corporation, the City Commission of
and for the City of Bozeman, Montana,
Namely, KENNETH WEAVER, MARY VANTHULL,
ANNE ANDERSON and JUDY MATHRE,

        Respondents,

    and

D.A. DAVIDSON & CO., INC., a Montana
corporation,

        Intervenor,

    -vs-

VIRGIL JAHNKE, PHYLLIS JAHNKE and
VALLEY UNIT CORPORATION, a Montana
corporation,

        Defendants in Intervention.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Petitioners:
        Kelly M. Hogan, Bozeman, Montana

    For Respondents:
        Bruce Becker, City Attorney, Bozeman, Montana
        J. Robert Planalp, Bozeman, Montana
        Bruce A. MacKenzie, Bozeman, Montana, (D.A. Davidson)

---

Submitted on Briefs: March 31, 1988
Decided: May 10, 1988

Filed: MAY 1 0 1988

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an application for a writ of certiorari for which Virgil and Phyllis Jahnke d/b/a Valley Unit Corp. seek review of a contempt order of the District Court, Eighteenth Judicial District, Gallatin County against Virgil Jahnke. The petition for the writ of certiorari is denied.

In 1982, Valley Unit Corp. sued the City of Bozeman (the City) and its commissioners in the District Court, contesting the procedures the City used to assess special improvement district (SID) bonds on Valley Unit's development project. In the court order dated September 6, 1985, based on the settlement of this matter, the City was directed to relevy and reassess the SIDs and Valley Unit was ordered to deposit a letter of credit from a national bank with the City by October 15, 1985. Virgil Jahnke had represented that he was assured a letter of credit from the U.S. National Bank of Oregon. The Bank, however, claims no knowledge of any such promise from them to him and no credit was extended by them to him.

On September 25, 1986, the City filed a petition alleging Valley Unit had failed to comply with the September 1985 order and calling for punishment for contempt of court against Virgil Jahnke, principal shareholder and director of Valley Unit. Specifically, the City alleged that Valley Unit had failed to provide the letter of credit and had failed to pay certain assessments delineated in the court's order of settlement. This petition was supported by an affidavit. At a subsequent hearing, Jahnke was found in contempt for not producing certain financial records pursuant to an unrelated subpoena duces tecum and was sentenced to 48 hours in the

Gallatin County Detention Center. This citation is not being challenged. No action was taken on the allegations in the City's petition.

In late 1986, Valley Unit filed for a Chapter 11 bankruptcy which automatically stayed the contempt proceeding. The City filed a motion to show cause November 24, 1986. The City renewed its motion for contempt in April, 1987. A hearing was held and by order dated February 8, 1988, Virgil Jahnke was found in contempt of the court's order of settlement for failing to produce the letter of credit from a national bank. Jahnke was sentenced to five days in jail. Jahnke seeks review of this charge by way of a writ of certiorari.

With few exceptions, a contempt of court order can only be reviewed upon a writ of certiorari. Section 3-1-523, MCA. There are three requisites that must be satisfied before a writ of certiorari may be issued: 1) the inferior court lacked or exceeded its jurisdiction; 2) a right to appeal from the disputed order does not exist; and, 3) there lacks any other plain, speedy and adequate remedy. Section 27-25-102, MCA. State v. McAllister (Mont. 1985), 708 P.2d 239, 241, 42 St.Rep. 1515, 1517. All three of these requirements must be met. Failure to meet any one requires this Court to deny the petition.

A judgment of contempt is final and conclusive. Since the only review available for a contempt proceeding is, by statute, through a writ of certiorari, the second and third requirements of § 27-25-102, MCA are fulfilled. We limit our inquiry, then, to determining whether the District Court lacked or exceeded its jurisdiction when it issued its February 8, 1988 order of contempt.

The thrust of appellant's argument is that because the City's motion to show cause was not accompanied by an

affidavit as required by § 3-1-512, MCA, the court could not obtain jurisdiction. The statute reads:

> When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt or a statement of the facts by the referees or arbitrators or other judicial officer shall be presented to the court or judge.

The court initially obtained jurisdiction of the matter when the City filed its petition for contempt with an accompanying affidavit in full compliance with the statute. Implicit in appellant's argument is the contention that the District Court somehow lost jurisdiction of the contempt matter after the City's petition calling for contempt was initially filed. Although the Jahnkes filed for bankruptcy after the court had obtained jurisdiction, it is well settled that a bankruptcy proceeding does not divest a state court of jurisdiction over the matter; it only stays or suspends the proceedings. David v. Hooker, Ltd. (9th Cir. 1977), 560 F.2d 412, 418; In re Clowser (E.D. Va. 1984), 39 Bankr. 883, 884; In re Related Asbestos Cases (N.D. Cal. 1982), 23 Bankr. 523, 526. Neither does a party's filing of a bankruptcy petition constitute a dismissal of the state court action. David, 560 F.2d at 418; Stewart v. A. G. Edwards & Sons, Inc. (D. S.C. 1987), 74 Bankr. 26, 27.

The City's petition for contempt had not yet been ruled on when the Jahnkes filed their petition for bankruptcy. The proceedings were then stayed. Approximately one week after the bankruptcy petition had been dismissed the City renewed its efforts in the contempt matter by filing a motion to show cause why Virgil Jahnke should not be held in contempt for failing to obey the court's order. The basis of this motion was that Jahnke had still not produced a letter of credit as ordered by the District Court. This motion was not

accompanied by an affidavit. The court, however, already had in its possession an affidavit concerning the contempt. The City's motion did not inject into the suit any matters that were not already contained in its earlier petition. Another affidavit was unnecessary.

We hold that the District Court was within its jurisdiction.

The petition for writ of certiorari must be denied.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices