NO.   95-498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

THOMAS M. MALEE,

       Applicant,

   v.

DISTRICT COURT for the Second Judicial
District of the State of Montana,

       Respondent.

FILED

DEC 20 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ORIGINAL   PROCEEDING


COUNSEL OF RECORD:

       For Applicant:

          Thomas M. Malee, Attorney at Law, Pro Se,
          Billings, Montana

       For Respondent:

          John Maynard, Attorney at Law, Helena, Montana


               Submitted:   December 1, 1995

                Decided:   December 20, 1995

Filed:

                           Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Thomas M. Malee applies to this Court, for the third time, for writ of review of the defendant District Court's contempt ruling. This Court recaptioned and returned Malee's first application for writ of review pursuant to Rule 17(c), M.R.App.P., because Malee did not name the District Judge and the Judicial District from which the ruling was issued. We dismissed Malee's second application pursuant to Rule 17(a), M.R.App.P., because Malee did not submit the application for writ of review in the name of the real party in interest, i.e., himself. Although we could dismiss Malee's third application pursuant to Rule 17(c), M.R.App.P., because Malee fails to name the District Judge in the title of his application, we prefer to curtail these proceedings by deciding the merits of Malee's application.

The District Court held Malee in contempt of court for referring to opposing counsel with "an insulting and obnoxious comment" in a brief filed with the court. In its Order finding Malee in contempt, the court stated:

> The Court feels compelled to discuss an insulting and obnoxious comment made by Plaintiff's counsel in his brief in which he refers to Defense counsel as being a "horses [sic] rear-end." The Court is outraged by this indignant and unconscionable accusation. The accusation not only offends the dignity of the Court, but it also offends the judicial process. The comment was unnecessary, distasteful and clearly unprofessional.
> The comment, however, is indicative of Plaintiff's counsel's brazen conduct during the course of this litigation. As indicated earlier, Mr. Malee has taunted, insulted and harassed opposing counsel and this Court to the point of exasperation. He has made a mockery of this Court and the court system.

2

> Mr. Malee's latest antic provides sufficient justification to invoke the Court's contempt power. In short, the nonsense must stop. Accordingly, Mr. Malee is in contempt of Court for the lewd comment . . .

Malee raises the issue of whether a contemptuous brief is a form of indirect contempt triggering the procedures of § 3-1-512, MCA.

There are two purposes of a contempt order -- to vindicate the dignity of the court's authority and to persuade the contemnor to do what the law requires. Goodover v. Lindey's, Inc. (1993), 257 Mont. 38, 41, 847 P.2d 699, 700. In reviewing contempt proceedings, we determine whether substantial evidence supports the judgment of contempt, and whether the district court had jurisdiction to issue the order. Marks v. First Judicial Dist. Court (1989), 239 Mont. 428, 430, 781 P.2d 249, 250; State ex rel. Foss v. District Court (1985), 216 Mont. 327, 331, 701 P.2d 342, 345; Matter of Graveley (1980), 188 Mont. 546, 555, 614 P.2d 1033, 1039.

When contempt is not committed in the immediate view and presence of the court or judge in chambers, the contempt is indirect or constructive contempt. Section 3-1-512, MCA. Indirect contempt is often a matter of a party not following a court's order. In re Marriage of Prescott (1993), 259 Mont. 293, 296, 856 P.2d 229, 231; Marks, 781 P.2d 250; Valley Unit Corp. v. City of Bozeman (1988), 232 Mont. 52, 754 P.2d 822; Graveley, 614 P.2d at 1039; see 4 WILLIAM BLACKSTONE, COMMENTARIES *283-*285. This Court has consistently held that the procedures found in § 3-1-512, MCA, must be followed in cases of indirect contempt. Valley Unit Corp., 754

3

P.2d 822; _Ross_, 701 P.2d 342; Milanovich v. Milanovich (1982), 201 Mont. 332, 655 P.2d 963; Gravelev, 614 P.2d 1033; State ex rel. Kidder v. District Court (1970), 155 Mont. 442, 472 P.2d 1008. Section 3-1-512, MCA, states:

> **Procedure -- contempt not in presence of the court.** When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt or a statement of the facts by the referees or arbitrators or other judicial officer shall be presented to the court or judge.

Additionally, constructive contempt requires the following due process requirements:

> That one charged with contempt of court be advised of the charges against him, have reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.

_Prescott,_ 856 P.2d at 232 (citing _Marks_, 781 P.2d at 252). In other words, there must be a hearing to provide the accused contemnor an opportunity to explain or to excuse himself. State ex rel. Smith v. District Court (1984), 210 Mont. 344, 347, 677 P.2d 589, 591.

In the instant case, Malee submitted a brief containing a contemptuous comment about opposing counsel to the District Judge; no accusatory affidavit was filed nor was there a hearing on the matter. If Malee's contempt were indirect, we must set aside the order of contempt because the District Court did not follow the affidavit or statement of facts procedure set forth in § 3-1-512, MCA, and thus, lacked jurisdiction to issue the contempt order.

4

Accordingly, the question for this Court is whether the comments in Malee's brief constitute indirect or direct contempt.

This Court has held that the filing of contemptuous pleadings is a form of indirect contempt. Porter v. First Judicial Dist. Court (1950), 123 Mont. 447, 453-54, 215 P.2d 279, 283. In Kidder, and previous cases, we construed constructive contempt as contemptuous acts occurring after the trial had commenced, either while the trial was in progress or during recess. Kidder, 472 P.2d at 1012. To the extent that these cases, Porter, Kidder, and State ex rel. Stagg v. District Court (1926), 76 Mont. 495, 248 P. 213, hold or suggest that pleadings and briefs presented to the court may only constitute indirect contempt, they are overruled. Rather, we hold that contemptuous pleadings and briefs presented to the court are direct contempt in that they are "in the immediate view and presence of the court or judge at chambers." Section 3-1-511, MCA.

This position reflects the rationale that no extrinsic evidence, such as testimony of third parties or affidavits, need be introduced to prove direct contempt. The Ninth Circuit distinguishes direct from indirect contempt on the bases that: "Indirect contempt is contumacious behavior occurring beyond the eye or hearing of the court and for knowledge of which the court must depend upon the testimony of third parties or the confession of the contemnor." United States v. Marshall (9th Cir. 1971), 451 F.2d 372, 373. In a case of direct contempt, "the pertinent facts are not disclosed by the presiding judge through the medium of

5

witnesses, but are such as are observed by the judge himself." State ex rel. Rankin v. District Court (1920), 58 Mont. 276, 291, 191 P. 772, 775. Contemptuous pleadings or briefs are before the court and the court personally observes the elements of the offense. Thus, there is no need for extrinsic evidence to prove the elements of what is before the court. We agree with the Seventh Circuit in its determination that "although the contemptuous matter was in a pleading and not in open court, no authority appears to limit the judge's sanctioning authority to what he hears or sees in person, rather than through a pleading. Contemptuous tactics and arguments can be as easily made on paper as in open court." Kunik v. Racine County, Wis. (7th Cir. 1991), 946 F.2d 1574, 1583

In so holding, we honor a 108 year old precedent of this Court in condemning attorneys who, in their briefs, malign the dignity of the bench or the legal profession. In 1887, this Court denounced such behavior:

> The brief of the appellant contains language attempting to cast reproach upon the proceedings of the court below, and seeking to make it the object of contemptuous wit and ridicule. Argument is the principal purpose of the brief, and this kind of wit and ridicule is not argument. The use of slang phrases and ridiculous language, . . ., should have no place in a brief. No character of persons can have a deeper interest in preserving the dignity of the bench, or maintaining the courtesies of our honorable profession, than the members of the bar, and they should act accordingly. . . . The language of the brief in this case is reprehensible, as being in violation of the conduct and courtesy due from the bar to the bench, and will not be tolerated.

Brownell v. McCormick (1887), 7 Mont. 12, 18, 14 P. 651, 653.

In the instant case, we hold that since Malee's brief was filed with the court and personally observed by the judge, it constitutes direct contempt. The court had no need of testimony from third parties, an affidavit of the facts, nor a confession of the contemnor, to gain knowledge of the offense. The District Court had jurisdiction to issue the order and, after our review of the record, we hold that substantial evidence supports the judgment of contempt.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____

_____
Justices

December 20, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Thomas M. Malee
Attorney    at    Law
1109 N. 22nd St., Ste. 103A
Billings, MT  59101

John  Maynard
Attorney at Law
P.O.  Box  1697
Helena,  MT  59624

Hon. James Purcell
District  Judge
Butte-Silver Bow  County  Courthouse
Butte,  MT  59701


ED SMITH
CLERK: OF THE SUPREME COURT
STATE OF MONTANA

BY: *S. Gallagher*
Deputy