IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-498

THOMAS M. MALEE,                          )
                                          )
          Applicant,                      )
                                          )        O R D E R
     v.                                   )
                                          )
DISTRICT COURT OF THE SECOND              )
JUDICIAL DISTRICT OF THE STATE            )
OF MONTANA, SILVER BOW COUNTY,            )
and the HONORABLE JAMES E. PURCELL,       )
Judge thereof,                            )
                                          )
          Respondent.                     )



FILED

JAN 30 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

On December 20, 1995, this Court issued its opinion denying Applicant Thomas M. Malee's Application for Writ of Review. On December 26, 1995, Malee filed a Petition for Rehearing of his Application for Writ of Review alleging that this Court overlooked a material fact in this matter and that the Court's decision also violated the due process clause of the Montana and United States Constitutions. On January 3, 1996, Respondent filed its objections to the Petition for Rehearing arguing that Malee's Petition for Rehearing failed to explain how this Court's decision allegedly violated "due process." On January 10, 1996, Malee filed a document entitled "Additional Authority" in support of his argument.

After review of this Court's December 20, 1995 opinion and having considered Malee's Petition for Rehearing, Respondent's Objections to Petition for Rehearing, and Malee's Additional Authority,

IT IS ORDERED that this Court's decision issued December 20, 1995, in the above-entitled cause is hereby withdrawn in full and replaced in full with the following Opinion of this Court:

No. 95-498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

THOMAS M. MALEE,

      Applicant,

   v

DISTRICT COURT for the Second Judicial
District of the State of Montana,
and the HONORABLE JAMES E. PURCELL,
Judge thereof,

      Respondent

ORIGINAL PROCEEDING

COUNSEL OF RECORD:

     For Applicant:

       Thomas M. Malee, Attorney at Law, Pro Se,
       Billings, Montana

     For Respondent:

       John Maynard, Attorney at Law, Helena, Montana

Submitted: December 1, 1995

Decided: January 30, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

For the third time, this Court considers Thomas M. Malee's application for writ of review of the respondent District Court's contempt ruling. This Court recaptioned and returned Malee's first application for writ of review pursuant to Rule 17(c), M.R.App.P., because Malee did not name the district judge and the judicial district from which the ruling was issued. Upon refiling, we dismissed Malee's application pursuant to Rule 17(a), M.R.App.P., because Malee did not submit the application for writ of review in the name of the real party in interest, i.e., himself. Although we could dismiss Malee's latest application pursuant to Rule 17(c), M.R.App.P., because Malee fails to name the District Judge in the title of his application, we prefer to curtail these proceedings by deciding the merits of Malee's application.

The District Court held Thomas M. Malee in contempt of court for referring to opposing counsel with "an insulting and obnoxious comment" in a brief filed with the court. In its Order finding Malee in contempt, the court stated:

> The Court feels compelled to discuss an insulting and obnoxious comment made by Plaintiff's counsel in his brief in which he refers to Defense counsel as being a "horses [sic] rear-end." The Court is outraged by this indignant and unconscionable accusation. The accusation not only offends the dignity of the Court, but it also offends the judicial process. The comment was unnecessary, distasteful and clearly unprofessional.
> The comment, however, is indicative of Plaintiff's counsel's brazen conduct during the course of this litigation. As indicated earlier, Mr. Malee has taunted, insulted and harassed opposing counsel and this Court to the point of exasperation. He has made a mockery of this Court and the court system.

2

Mr. Malee's latest antic provides sufficient justification to invoke the Court's contempt power. In short, the nonsense must stop. Accordingly, Mr. Malee is in contempt of Court for the lewd comment. . .

Malee's application for writ of review raises two questions: Is a contemptuous brief a form of indirect contempt triggering the procedures of § 3-1-512, MCA; and, is there a right of allocution in cases of direct contempt?

1. Is a contemptuous brief a form of indirect contempt triggering the procedures of § 3-1-512, MCA?

There are two purposes of a contempt order -- to vindicate the dignity of the court's authority and to persuade the contemnor to do what the law requires. Goodover v. Lindey's, Inc. (1993), 257 Mont. 38, 41, 847 P.2d 699, 700. In reviewing contempt proceedings, we determine whether substantial evidence supports the judgment of contempt, and whether the district court had jurisdiction to issue the order. Marks v. First Judicial District Court (1989), 239 Mont. 428, 430, 781 P.2d 249, 250; State ex rel. Foss v. District Court (1985), 216 Mont. 327, 331, 701 P.2d 342, 345; Matter of Graveley (1980), 188 Mont. 546, 555, 614 P.2d 1033, 1039.

When contempt is not committed in the immediate view and presence of the court or judge in chambers, the contempt is indirect or constructive contempt. Section 3-1-512, MCA. Indirect contempt is often a matter of a party not following a court's order. In re Marriage of Prescott (1993), 259 Mont. 293, 296, 856 P.2d 229, 231; Marks, 781 P.2d at 250; Valley Unit Corp. v. City of Bozeman (1988), 232 Mont. 52, 754 P.2d 822; Graveley, 614 P.2d at

3

1039; see 4 WILLIAM BLACKSTONE, COMMENTARIES *283-*285. This Court has consistently held that the procedures found in § 3-1-512, MCA, must be followed in cases of indirect contempt. Valley Unit Corp., 754 P.2d 822; Foss, 701 P.2d 342; Milanovich v. Milanovich (1982), 201 Mont. 332, 655 P.2d 963; Gravely, 614 P.2d 1033; State ex rel. Kidder v. District Court (1970), 155 Mont. 442, 472 P.2d 1008. Section 3-1-512, MCA, states:

> Procedure -- contempt not in presence of the court. When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt or a statement of the facts by the referees or arbitrators or other judicial officer shall be presented to the court or judge.

Additionally, constructive contempt requires the following due process requirements:

> That one charged with contempt of court be advised of the charges against him, have reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.

Prescott, 856 P.2d at 232 (citing Marks, 781 P.2d at 252).

In the instant case, Malee submitted a brief containing a contemptuous comment about opposing counsel to the District Judge; no accusatory affidavit was filed nor was there a hearing on the matter. If Malee's contempt were indirect, we must set aside the order of contempt because the District Court did not follow the affidavit or statement of facts procedure set forth in § 3-1-512, MCA, and, thus, lacked jurisdiction to issue the contempt order. Accordingly, the question for this Court is whether the comments in Malee's brief constitute indirect or direct contempt

4

This Court has held that the filing of contemptuous pleadings is a form of indirect contempt. Porter v. First Judicial District Court (1950), 123 Mont. 447, 453-54, 215 P.2d 279, 283. In Kidder, and previous cases, we construed direct contempt as contemptuous acts occurring after the trial had commenced, either while the trial was in progress or during recess. Kidder, 472 P.2d at 1012. On the other hand, we held that all contemptuous acts committed when the court is not sitting were indirect or constructive contempt. Kidder, 472 P.2d at 1012. To the extent that these cases, Porter, Kidder, and State ex rel. Stagg v. District Court (1926), 76 Mont. 495, 248 P. 213, hold or suggest that pleadings and briefs presented to the court, while it is not sitting, may only constitute indirect contempt, they are overruled. Rather, we hold that contemptuous pleadings and briefs presented to the court are direct contempt in that they are "in the immediate view and presence of the court or judge at chambers." Section 3-1-511, MCA.

This position reflects the rationale that no extrinsic evidence, such as testimony of third parties or affidavits, need be introduced to prove direct contempt. The Ninth Circuit distinguishes direct from indirect contempt on the bases that: "Indirect contempt is contumacious behavior occurring beyond the eye or hearing of the court and for knowledge of which the court must depend upon the testimony of third parties or the confession of the contemnor." United States v. Marshall (9th Cir. 1971), 451 F.2d 372, 373. In a case of direct contempt, "the pertinent facts are not disclosed by the presiding judge through the medium of

5

witnesses, but are such as are observed by the judge himself." State ex rel. Rankin v. District Court (1920), 58 Mont. 276, 291, 191 P. 772, 775. Contemptuous pleadings or briefs are before the court and the court personally observes the elements of the offense. Thus, there is no need for extrinsic evidence to prove the elements of what is before the court. We agree with the Seventh Circuit in its determination that "although the contemptuous matter was in a pleading and not in open court, no authority appears to limit the judge's sanctioning authority to what he hears or sees in person, rather than through a pleading. Contemptuous tactics and arguments can be as easily made on paper as in open court." Kunik v. Racine County, Wis. (7th Cir. 1991), 946 F.2d 1574, 1583.

In so holding, we honor a 109 year old precedent of this Court in condemning attorneys who, in their briefs, malign the dignity of the bench or the legal profession. In 1887, this Court denounced such behavior:

> The brief of the appellant contains language attempting to cast reproach upon the proceedings of the court below, and seeking to make it the object of contemptuous wit and ridicule. Argument is the principal purpose of the brief, and this kind of wit and ridicule is not argument. The use of slang phrases and ridiculous language . should have no place in a brief. No character of persons can have a deeper interest in preserving the dignity of the bench, or maintaining the courtesies of our honorable profession, than the members of the bar, and they should act accordingly. . . The language of the brief in this case is reprehensible, as being in violation of the conduct and courtesy due from the bar to the bench, and will not be tolerated.

Brownell v. McCormick (1887), 7 Mont. 12, 18, 14 P. 651, 653.

6

In the instant case, we hold that since Malee's brief was filed with the court and personally observed by the judge, it constitutes direct contempt. The court had no need of testimony from third parties, an affidavit of the facts, nor a confession of the contemnor, to gain knowledge of the offense. However, even though we have found Malee's brief to be direct contempt, a question remains as to whether Malee was deprived of the right of allocution, that is, an opportunity to explain or excuse himself.

2. Is there a right of allocution in cases of direct contempt?

Direct contempt may be summarily punished seemingly without any due process. Under § 3-1-511, MCA, there is no mention of an accused contemnor's opportunity to explain or excuse himself, in other words, no right of allocution. Section 3-1-511, MCA, provides:

> Procedure -- contempt committed in the presence of the court. When a contempt is committed in the immediate view and presence of the court or judge at chambers, it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence and adjudging that the person proceeded against is thereby guilty of a contempt and that he be punished as therein prescribed.

Many of our decisions on contempt strongly suggest that if a case involves indirect, constructive contempt "rather than direct contempt, some due process is required." Marks, 781 P.2d at 252 (emphasis added); see also Prescott, 856 P.2d at 232; Lilienthal v. District Court (1982), 200 Mont. 236, 242, 650 P.2d 779, 782. These holdings in combination with § 3-1-511, MCA, authorizing summary punishment for direct contempt, make an argument that,

7

although *some* due process is required for indirect contempt, no due process is required for direct contempt.

However, we have held that in cases of direct contempt, "the contemnor must be granted an opportunity to explain or excuse himself. Such opportunity allows the individual to potentially purge himself or show no contempt was intended." State ex rel. Smith v. District Court (1984), 210 Mont. 344, 347, 677 P.2d 589, 591 (citing Rankin, 191 P. at 776). In Smith, the direct contempt consisted of Smith's refusal to sit down after the court ordered him to do so. Smith, 677 P.2d at 591. This Court held that Smith had been given an opportunity to explain or excuse himself:

> Judge McCarvel near the end of the hearing listened to the attorney's apology and explanation as to why he had remained on his feet. The opportunity to be heard need not arise in a formal hearing, separate and distinct from the proceeding in which the contempt arose. All that is required is the contemnor be made aware of his offensive conduct and allowed an opportunity to speak on his behalf. Mr. Smith was provided such opportunity and this Court will not reverse the District Court's decision to proceed with its order of contempt.

Smith, 677 P.2d at 591. Although Smith has not been relied on until now, we believe that Smith establishes the correct rule. n holding that an opportunity to be heard, or right of allocution, should be afforded the accused contemnor in a summary contempt proceeding, we concur with the recommendations of United States Supreme Court and the American Bar Association Standards for Criminal Justice.

The United States Supreme Court has noted "reasonable notice of a charge and an opportunity to be heard in defense before punishment [for contempt] is imposed are 'basic in our system of

8

jurisprudence."'  Groppi v. Leslie (1971), 404 U.S. 496, 502, 92 S.Ct. 582, 30 L.Ed.2d 632 (contempt of legislature)(citing In re Oliver (1948), 333 U.S. 257); see also Taylor v. Hayes (1974), 418 U.S. 488, 497-98, 94 S.Ct. 2697, 41 L.Ed.2d 897 (contempt by an attorney in a criminal trial).  The United States Supreme Court endorses the American Bar Association's recommendations that:

> Although there is authority that in-court contempts can be punished without notice of charges or an opportunity to be heard, *Ex Parte* Terry, 128 U.S. 289 (1888), such a procedure has little to commend it, is inconsistent with the basic notions of fairness, and is likely to bring disrespect upon the court.  Accordingly, notice and at least a brief opportunity to be heard should be afforded as a matter of course.  Nothing in this standard, however, implies that a plenary trial of contempt charges is required. [Now found in American Bar Association Standards for Criminal Justice (1986 Supp.) 6-4.4.1

Taylor, *418* U.S. at 499 n.8.  We adopt this recommendation.

In the instant case, the District Court erred in not affording Malee an opportunity for allocution prior to imposing a penalty. The argument for a right of allocution is particularly strong where, as here, the contempt is contained in a brief and the contemnor, prior to receiving the court's written order, has no notice that the court views the brief to be contemptuous.  Before being sentenced for contempt, the contemnor should be afforded the opportunity to explain or to excuse his written filing.  In a similar case, where the Supreme Court of Wisconsin held that the contemnor had been wrongfully denied an opportunity for allocution in a summary contempt proceeding, the court vacated the contempt penalty and remanded the case to accord the contemnor his right of allocution. Currie v. Schwalbach (Wis. 1987), 407 N.W.2d 862, 875.

9

On remand, the original judge had continuing jurisdiction and the authority, after the contemnor's allocution, to vacate the original finding of contempt, to impose a different sanction, or to again impose the sanction of contempt. <u>Currie,</u> 407 N.W.2d at 875. We adopt the Wisconsin approach in <u>Currie.</u> Thus, we vacate the contempt sentence and remand to give Malee an opportunity for allocution after which the District Court may either vacate the contempt, uphold the contempt and impose a different sentence, or reinstate the same sentence. We make it clear that "the district court need not hold a full-blown trial," rather, Malee "should be allowed a reasonable opportunity to defend or explain his actions or present arguments in mitigation." United States v. Lumumba (2d Cir. 1984), 741 F.2d 12, 17, cert. denied, 479 U.S. 855 (1986).

The sentence is vacated and the matter is remanded for further proceedings consistent with this opinion.

_____
                    Justice

We concur.

_____
        Chief Justice

_____

_____

_____

_____
            Justices

10

January 30, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thomas M. Malee
Attorney at Law
1109 N. 22nd St., Ste. 103A
Billings, MT 59101

John Maynard
Attorney at Law
P.O. Box 1697
Helena, MT 59624

Hon. James Purcell
District Judge
Butte-Silver Bow County Courthouse
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy