No. 03-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 1

DANA CHARLES CHRISTIAN,                )
                                       )
            Petitioner,                )
                                       )          O P I N I O N
      v.                               )
                                       )               &
SIXTH JUDICIAL DISTRICT COURT,         )
HONORABLE E. WAYNE PHILLIPS,           )          O R D E R
District Judge Presiding,              )
                                       )
            Respondent.                )

¶1      Before this Court is Dana Charles Christian's Petition for Writ of Certiorari filed September 22, 2003, wherein Christian requests that we reverse the June 18, 2003 Order of the District Court for the Sixth Judicial District, Park County, finding Christian in contempt of court. On September 30, 2003, we ordered the Honorable E. Wayne Phillips, District Judge, to prepare, file and serve his response to Christian's petition. Judge Phillips filed his response with this Court on October 23, 2003, and Christian filed a reply on November 4, 2003.

¶2      The facts leading up to the contempt charge are as follows:

¶3      On July 12, 2001, Christian was charged with witness tampering and filing false public documents, both felonies. Christian's case was initially set for trial in April 2002 in the District Court for the Sixth Judicial District, Park County. The parties agreed to stay the action, however, if Christian referred himself to the Commission on Practice. In early February 2003, Christian's counsel of record, Penelope Strong, advised Christian that she needed to withdraw as his counsel because she had been appointed Chief Public Defender for Yellowstone County.

¶4      On February 19, 2003, Christian filed a "Motion to Set Trial" in the District Court. The caption of the motion listed Strong's name as counsel of record. However, the signature block read "Dana C. Christian" and the document was signed by Christian. In its response to the motion filed that same day, the State commented that it "object[ed] to defendant, who

is represented by counsel, preparing and signing motions on behalf of his attorney without his attorney's verification that she consents to such procedure." The State did not object to setting a trial date. The following day, the District Court issued an order wherein it denied Christian's motion noting that "despite having counsel of record, the Defendant himself signed this motion *pro se*, a violation of Rule 11, M.R.Civ.P."

¶5     On February 25, 2003, Strong moved the District Court to withdraw as counsel of record in this case. The motion was supported by an affidavit wherein Strong stated that the basis for her withdrawal was her appointment as Chief Public Defender for Yellowstone County and her intention to close her private practice by April 1, 2003. She noted in her affidavit that she had informed Christian on February 7, 2003, of her intent to withdraw and that she had offered Christian her assistance in the transition. She also noted that she had advised Christian in writing that she did not consent to him using her name and professional address on the Motion to Set Trial.

¶6     On March 11, 2003, the District Court granted Strong's motion to withdraw and identified as a contemptuous act Christian's filing the Motion to Set Trial utilizing Strong's name in the caption heading and Christian's signature. The court stated:

> The contemptuous act that the Court finds deceitful, insolent and as such a fraud upon this Court is the fact that [Christian] presented the motion as one drafted by his attorney. [Christian], while represented by counsel, submitted in effect a *pro se* motion but under the guise of being submitted by his counsel. The motion was presented as coming from defense counsel in that it contained counsel's heading at the top of the pleading.

The District Court determined that this was a direct contempt in the presence of the court pursuant to § 3-1-511, MCA, which provides in pertinent part as follows:

> **Procedure -- contempt committed in presence of court.** When a contempt is committed in the immediate view and presence of the court or judge at chambers and the contemptuous conduct requires immediate action in order to restore order, maintain the dignity or authority of the court, or prevent delay, it may be punished summarily. An order must be made reciting the facts that occurred in the judge's immediate view and presence and adjudging that the person proceeded against is guilty of a contempt and that the person must be punished as prescribed in the order. An order may not be issued unless the person proceeded against has been informed of the contempt and given an opportunity to defend or explain the person's conduct.

2

Hence, the court set a hearing to allow Christian an opportunity to explain his actions. Thereafter, the court sanctioned Christian with a fine of $150 and 1,000 hours of community service.

¶7 On September 22, 2003, Christian filed his Petition for Writ of Certiorari with this Court contending that the District Court erred in finding that he committed direct contempt, as opposed to indirect contempt, and that the higher due process standard provided by the indirect contempt statute should have been afforded him. Christian also contended that the court erred in requiring him to perform 1,000 hours of community service.

¶8 There is no appeal as such from an order of contempt in a civil proceeding. Rather, the exclusive method of review of contempt orders in civil proceedings (with certain exceptions not relevant to this case) is by way of a writ of certiorari or writ of review. Section 3-1-523, MCA; *Jones v. Montana Nineteenth Jud. Dist. Ct.*, 2001 MT 276, ¶ 15, 307 Mont. 305, ¶ 15, 37 P.3d 682, ¶ 15 (citation omitted). Furthermore, review is generally limited to questions regarding proper jurisdiction and whether the evidence is sufficient to support the finding of contempt. *Jones*, ¶ 15.

¶9 In his petition, Christian argued that the District Court did not find anything contemptuous about his motion to set trial at the time it was filed. Instead, he claims that it was only later, after reviewing Strong's affidavit, that the District Court accused petitioner of committing a contemptuous act. Consequently, Christian alleges that his conduct was at most an indirect contempt under § 3-1-512, MCA, and as such, his right to procedural due process was circumvented because no charging affidavit by a judicial officer was ever filed against him.

¶10 When contempt is not committed in the immediate view and presence of the court or judge in chambers, the contempt is indirect or constructive contempt. Section 3-1-512, MCA. We have consistently held that in cases of indirect contempt, the procedures found in § 3-1-512, MCA, must be followed. *Malee v. District Court* (1996), 275 Mont. 72, 75, 911 P.2d 831, 833 (citations omitted). Section 3-1-512, MCA, provides:

> **Procedure -- contempt not in presence of the court.** When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt or a

statement of the facts by the referees or arbitrators or other judicial officer shall be presented to the court or judge.

Furthermore, we have determined that constructive contempt requires the following due process requirements:

> That one charged with contempt of court be advised of the charges against him, have reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.

*Malee*, 275 Mont. at 75-76, 911 P.2d at 833 (quoting *In re Marriage of Prescott* (1993), 259 Mont. 293, 297, 856 P.2d 229, 232).

¶11    However, in *Malee*, we specifically overruled prior case law and held that the contemptuous pleadings and briefs presented to the court in that case were direct contempt as they were in the immediate view and presence of the court or judge at chambers. *Malee*, 275 Mont. at 76, 911 P.2d at 833. And, although we did not specifically require it, we indicated in *Malee* that it is advisable to provide the alleged contemnor an opportunity to be heard. *Malee*, 275 Mont. at 78-79, 911 P.2d at 834. Here, the District Court did conduct a hearing for just such purpose.

¶12    In the instant case, the offending document was within the immediate view and presence of the court, thus under *Malee*, it constituted direct contempt. Furthermore, contrary to Christian's assertion that the contempt was only brought to the court's attention several days later in an affidavit filed by Strong, in actuality, the State's response to the motion to set trial was filed the same day as Christian's motion. In its response, the State objected to Christian's conduct thereby bringing that conduct to the attention of the court. Even if the State had not done so, the document was contemptuous on its face. Section 3-1-501, MCA, states the following regarding contemptuous acts such as that committed here:

> (1) The following acts or omissions in respect to a court of justice or proceedings in a court of justice are contempts of the authority of the court:
> . . . .
> (d)  deceit or abuse of the process or proceedings of the court by a party to an action or special proceeding;
> . . . .

4

(f) *assuming to be an officer, attorney, or counsel of a court and acting as that individual without authority; . . .* [Emphasis added.]

¶13 Christian also maintains that because the District Court granted the Motion to Set Trial, the court determined that the motion was valid, thus it could not be contemptuous. However, in his response to Christian's petition, Judge Phillips pointed out that the motion was initially denied because of Christian's conduct and that it was only later that the trial was set because the State did not object to doing so.

¶14 Christian further argues that his sentence to 1,000 hours of community service was excessive. The District Court stated in its June 17, 2003 Order on Contempt that it had considered requiring Christian to provide *pro bono* services, however, Christian's status with the Commission on Practice

> makes it unseemly to require indigent clients to accept this individual as their counsel. Therefore, community service, a means to restore to the community some sense of trust of the legal profession which was betrayed in this matter, is deemed appropriate.

Furthermore, in his response to Christian's Petition for Writ of Certiorari before this Court, Judge Phillips stated the following regarding the sentence he imposed and the reasons for imposing it:

> Prior to the contempt hearing, this Court considered at some length the possible ranges of an appropriate sentence. The Court approached the hearing with an open mind as to such a range with an eye toward Mr. Christian's demeanor and response. As noted above, that demeanor and response was at once arrogant and self-righteous. In behavior, body language, and approach to the hearing, Mr. Christian exuded a mental state that all but shouted that his ends justified his means. Though there was a degree of apology, it appeared to the District Court to be pro forma, unpersuasive, and couched in terms indicating the action was justified at any rate.
>
> The District Court was left with the distinct impression that Mr. Christian would at any time undertake actions that he thought justified; the Rules be damned. Given that, this District Court was reluctant to require pro bono service, which had been its primary conceptualization prior to the hearing. Rather, because of the nature of Mr. Christian's attitude and response, this District Court felt that only some significant and continual reminder of his thinking errors would register. Therefore, the substantive part of the District Court's sanction was 1,000 hours of community service. The District Court was fully cognizant of the extent and length of this requirement but felt it appropriate under the circumstances. While jail time was a very

appropriate punishment, the District Court did not believe it had the authority to impose the amount of jail time necessary to truly dissuade Mr. Christian from similar, future behaviors.

We find no error in the District Court's determination or sentence. Therefore,

¶15     IT IS ORDERED that Christian's Petition for Writ of Certiorari is DENIED.

¶16     IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to Christian, to counsel of record, and to the District Court.

¶17     DATED this 6th day of January, 2004.

/S/ JAMES C. NELSON


We Concur:


/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

6